

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS. 2-09-244-CR**
**2-09-245-CR**

EX PARTE JEREMIAH CRAFT

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

## MEMORANDUM OPINION ON REHEARING[1]

------------

After reviewing appellant's "Motion for Rehearing and Motion for En Banc Reconsideration," we grant the motion for rehearing, withdraw our September 3, 2009 opinion and judgment, and substitute the following.

Appellant Jeremiah Craft appeals the trial court's denial of his request for relief on habeas corpus.[2]  We reverse and remand for further proceedings consistent with this opinion.

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. R. App. P. 31.

On June 15, 2009, appellant applied to the trial court for a writ of habeas corpus, seeking pretrial release on the grounds that the State was not ready for trial within ninety days from "the commencement of his detention," as required by article 17.151 of the Texas Code of Criminal Procedure.[3] The trial court granted the writ and ordered a hearing. At the hearing, evidence was admitted that showed appellant had been arrested on January 15, 2009, on a misdemeanor drug charge. On February 5, 2009, while appellant was in jail pending trial on the misdemeanor charge, the district attorney filed two felony informations alleging appellant had committed murder and sexual assault of a child without obtaining a waiver from appellant of his right to be charged by grand jury indictment.[4]

---

[3] Article 17.151, "Release Because of Delay," provides, in pertinent part:

> Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
>
> (1) 90 days from the commencement of his detention if he is accused of a felony. . . .

Tex. Code Crim. Proc. Ann. art. 17.151 (Vernon Supp. 2009).

[4] *See* Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.141 (Vernon 2005); *Teal v. State*, 230 S.W.3d 172, 174–75 (Tex. Crim. App. 2007).

On May 15, 2009, the grand jury indictments for the felony charges were returned. Thirty-three days later, on June 17, 2009, the State filed its announcement of ready asserting that it had been ready, "at least since the indictment[s were] returned." Witnesses for the State, however, testified that the district attorney's office had been ready for trial since the date of appellant's arrest on the murder and sexual assault charges.

Based on these facts, appellant argued that because he had not waived his right to be charged by a grand jury indictment when the informations were filed, the trial court's jurisdiction was not invoked and the State could not be ready for trial. The State argued that the filing of the information with or without waiver of indictment was sufficient to invoke the trial court's jurisdiction for the purpose of proceeding to trial when the State announced it was ready. The trial court denied relief.

We review a trial court's decision to deny relief on a claim that the State violated article 17.151 for an abuse of discretion.[5] In reviewing the trial court's decision, we view the evidence in the light most favorable to the ruling.[6]

---

[5] *Ex parte Karlson*, 282 S.W.3d 118, 127–28 (Tex. App.—Fort Worth 2009, pet. ref'd); *see Jones v. State*, 803 S.W.2d 712, 719 (Tex. Crim. App. 1991).

[6] *Karlson*, 282 S.W.3d at 127–28; *Ex parte Bruce*, 112 S.W.3d 635, 639 (Tex. App.—Fort Worth 2003, pet. dism'd); *see Ex parte Amezquita,* 223 S.W.3d 363, 367 (Tex. Crim. App. 2006); *Ex parte Okere,* 56 S.W.3d 846, 854 (Tex. App.—Fort Worth 2001, pet. ref'd).

The Texas Constitution requires that, unless waived by the defendant, the State must obtain a grand jury indictment in a felony case.[7] Absent an indictment or valid waiver, a district court does not have jurisdiction over that case.[8]

The State presented some evidence at the hearing to show its readiness within the ninety days of the filing of the informations on February 5, 2009. However, without an indictment or waiver the trial court never acquired jurisdiction to try the case, and, therefore, the State could not have been ready to try a case within the ninety days required by article 17.151.[9] We sustain appellant's point.

The grand jury returned indictments against appellant on May 15, 2009. Because the State did not satisfy the requirements of article 17.151 by announcing ready ninety days "from the commencement of [appellant's] detention" on February 5, 2009, however, its announcement of ready on June

---

[7] Tex. Const. art. I, § 10; *Teal*, 230 S.W.3d at 174; *Duron v. State*, 956 S.W.2d 547, 550 (Tex. Crim. App. 1997); *see also* Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 2005) ("No person shall be held to answer for a felony unless on indictment of a grand jury.").

[8] *Teal*, 230 S.W.3d at 174–75; *Cook v. State*, 902 S.W.2d 471, 475–76 (Tex. Crim. App. 1995).

[9] *See Ward v. State*, 659 S.W.2d 643, 646 (Tex. Crim. App. 1983); *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983); *Pate v. State*, 592 S.W.2d 620, 621 (Tex. Crim. App. 1980).

4

17, 2009, does not comply with the statute.  The trial court, therefore, has two options:  release appellant on personal bond, or release him by reducing the amount of bail required to an amount that he can afford to pay.[10]  Accordingly, we reverse the trial court's order denying habeas relief and remand this case to the trial court for further proceedings, including releasing appellant on personal bond or by reducing the amount of bail required.

PER CURIAM

PANEL:  CAYCE, C.J.; MCCOY and MEIER, JJ.

PUBLISH

DELIVERED:  November 24, 2009

---

[10] Tex. Code Crim. Proc. Ann. art. 17.151; *see Rowe v. State*, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993); *Kernahan*, 657 S.W.2d at 434; *Ex parte McNeil*, 772 S.W.2d 488, 489 (Tex. App.—Houston [1st Dist.] 1989, no pet.).  Bond was set at one million dollars for each of the two offenses.