COURT OF APPEALS

 SECOND DISTRICT OF TEXAS

 FORT WORTH

 NO. 02-12-00116-CR

|Ex parte D’Anate Lee Shaw | | |
| |
| | | |

 ----------
 FROM THE 89th District Court OF Wichita COUNTY
 ----------
 OPINION
 ----------
 Introduction
 In a single point, Appellant D’anate Lee Shaw appeals the trial
court’s denial of his application for relief on habeas corpus. See
Tex. R. App. P. 31. The issue is whether the trial court abused its
discretion by not reducing Appellant’s bond amount or releasing him on
a personal bond when the evidence showed that the State was not ready
for trial within ninety days of Appellant’s arrest. We reverse and
remand for further proceedings consistent with this opinion.
 Background Facts and Procedural History
 In February 2012, Appellant applied for a writ of habeas corpus,
seeking pretrial release because the State was not ready for trial
within ninety days of the commencement of his detention as required by
article 17.151 of the code of criminal procedure. Article 17.151,
“Release Because of Delay,” provides, in pertinent part:
 Sec. 1. A defendant who is detained in jail pending trial of an
 accusation against him must be released either on personal bond
 or by reducing the amount of bail required, if the state is not
 ready for trial of the criminal action for which he is being
 detained within:

 (1) 90 days from the commencement of his detention if he is
 accused of a felony. . . .

Tex. Code Crim. Proc. Ann. art. 17.151 (West Supp. 2012).
 The trial court granted the writ and ordered a hearing. At the
hearing, the evidence showed that Appellant had been arrested in
November 2011 on three felony charges: manufacture or delivery of a
controlled substance, which is a second-degree felony, Tex. Health &
Safety Code Ann. § 481.112(c) (West 2010); theft of a firearm, which
is a state-jail felony, Tex. Penal Code Ann. § 31.03(e)(4)(C) (West
Supp. 2012); and felon in possession of a firearm, a third-degree
felony, id. § 46.04(e) (West 2011). The evidence also showed that
Appellant had been held in jail continuously for more than ninety
days. Finally, the evidence showed that the grand jury had returned
an indictment on the felon-in-possession-of-a-firearm charge within
the statutory ninety-day window, but the State stipulated that
indictments had not been returned on the drug or theft charges.
 Based on these facts, Appellant argued that because the State
was not ready for trial on the unindicted charges, he was entitled to
release on personal bond or by a bond reduction on those charges. He
did not contend that he was entitled to release on the indicted charge
of felon in possession of a firearm and consequently that issue is not
before us.
 Standard of Review
 We review a trial court’s decision to deny relief on a claim
that the trial court violated article 17.151 for an abuse of
discretion. Ex parte Craft, 301 S.W.3d 447, 448 (Tex. App.––Fort
Worth 2009, no pet.); Ex parte Karlson, 282 S.W.3d 118, 127–28 (Tex.
App.––Fort Worth 2009, pet. ref’d); see Jones v. State, 803 S.W.2d
712, 719 (Tex. Crim. App. 1991). In reviewing the trial court’s
ruling, we view the evidence in the light most favorable to the
ruling. Craft, 301 S.W.3d at 449; Karlson, 282 S.W.3d at 127–28; Ex
parte Bruce, 112 S.W.3d 635, 639 (Tex. App.––Fort Worth 2003, pet.
dism’d); see Ex parte Amezquita, 223 S.W.3d 363, 367 (Tex. Crim. App.
2006).
 Analysis
 Although the grand jury returned an indictment on one charge, it
did not on those charges for which Appellant claimed in his
application for writ that article 17.151 required his release on
either a personal or reduced bond. Because the State stipulated that
indictments were not filed on those cases, it could not have been
ready to try them. See Kernahan v. State, 657 S.W.2d 433, 434 (Tex.
Crim. App. 1983); Pate v. State, 592 S.W.2d 620, 621 (Tex. Crim. App.
1980); Craft, 301 S.W.3d at 449.
 As for the unindicted charges on which Appellant was held past
the statutory ninety-day window, the trial court had two options:
release Appellant on personal bond or release him by reducing the bond
to an amount he could afford to pay. Tex. Code Crim. Proc. Ann. art.
17.151; see Rowe v. State, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993);
Kernahan, 657 S.W.2d at 434; Ex parte McNeil, 772 S.W.2d 488, 489
(Tex. App.––Houston [1st Dist.] 1989, no pet.). Bond was set at
$25,000 for the drug case and $20,000 for the theft.
 The State argued to the trial court as it does now in its brief
that article 17.151 does not apply because Appellant was also being
held on the indicted felon-in-possession-of-a-firearm case. It points
to section 2 of the statute, which provides that “[t]he provisions of
this article do not apply to a defendant who is . . . detained pending
trial of another accusation . . . as to which the applicable period
has not yet elapsed[.]” Tex. Code Crim. Proc. Ann. art. 17.151 § 2(2).
 While the State’s position is reasonable, we have found no binding
precedent holding that the exception is triggered by a pending charge
for which the State is ready for trial after the applicable time
period has elapsed. Absent such authority, prudence dictates that we
read the statute as literally as we can. Here, although the felon-in-
possession-of-a-firearm case was indicted within the statutory ninety
days, the writ hearing was held after the ninety-day window had
closed. At that time, Appellant was still being held on the
unindicted charges. In other words, he was not being detained pending
trial of another accusation as to which the applicable period had not
yet elapsed. Rather, he was being detained pending trial of another
accusation as to which the applicable period had elapsed. Under the
plain language of section 2, the exception does not apply.
 We find nothing in the statute or the case law to suggest that
once the statutory window is no longer open, the legislature
nonetheless intended to allow the State to maintain a hold on an
accused for an unindicted charge simply because it had gotten ready on
another case before the shutters came down. Given the plain language
of the statute it passed, we conclude that the legislature intended
that persons detained without formal charges should be released on
those unindicted charges when the State is not ready for trial within
the time the legislature set.[1] See Jones, 803 S.W.2d at 715 (noting
“the obvious legislative intent to provide assurance that an accused
will not be held in custody indefinitely while the State is not at
least prepared to bring him to trial”).
 The trial court, however, rather than issuing an order reducing
the bond amount or releasing Appellant on personal bond, expressly
denied the application for writ on the grounds that article 17.151 did
not entitle Appellant to relief.[2] Because the terms of the statute
are mandatory, we hold that the trial court abused its discretion to
so rule.
 Conclusion
 Having held that the trial court abused its discretion, we
reverse the trial court’s order denying habeas relief and remand this
case to the trial court for further proceedings including releasing
Appellant on personal bond or reducing the amount of bail required in
the two cases that formed the basis for the writ.

 LEE GABRIEL
 JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.
PUBLISH
DELIVERED: December 21, 2012
-----------------------
 [1]We do not hold nor does Appellant assert that he is entitled
to be released on the charge for which the State secured an indictment
while the window was still open.
 [2]From the record it appears that the trial court was willing to
lower the bond amount by $5000 in each of these cases by granting an
oral motion to reduce bond and directed Appellant to prepare an order
to that effect. However, on the record the trial court specifically
“found in the State’s favor,” and the only written order in the record
before us is the trial court’s order denying Appellant’s application
for writ of habeas corpus. Thus, that ruling is the only one we
consider in this appeal. See Ex parte Wiley, 949 S.W.2d 3, 4 (Tex.
App.––Fort Worth 1996, no pet.).