

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-12-00116-CR**

| | | |
|---|---|---|
| Ex parte D'Anate Lee Shaw | § | From the 89th District Court |
| | § | of Wichita County (176,379-C) |
| | § | January 24, 2013 |
| | § | Opinion by Justice Gabriel |
| | § | (p) |

## JUDGMENT

On the Court's own motion, we withdraw our December 21, 2012 opinion and judgment and substitute the following. This court has again considered the record on appeal in this case and holds that there was error in the trial court's judgment. It is ordered that the trial court's order denying habeas relief is reversed and this case is remanded for further proceedings including releasing Appellant on personal bond or reducing the amount of bail required in the two cases that formed the basis for the writ.

It is further ordered that the State shall pay all costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Lee Gabriel



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00116-CR

EX PARTE D'ANATE LEE SHAW

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## OPINION

----------

### Introduction

On the court's own motion, we withdraw the original opinion issued on December 21, 2012, and substitute the following in its place. In a single point, Appellant D'anate Lee Shaw appeals the trial court's denial of his application for relief on habeas corpus. *See* Tex. R. App. P. 31. The issue is whether the trial court abused its discretion by not reducing Appellant's bond amount or releasing

him on a personal bond when the evidence showed that the State was not ready for trial within ninety days of Appellant's arrest. We reverse and remand for further proceedings consistent with this opinion.

**Background Facts and Procedural History**

In February 2012, Appellant applied for a writ of habeas corpus, seeking pretrial release because the State was not ready for trial within ninety days of the commencement of his detention as required by article 17.151 of the code of criminal procedure. Article 17.151, "Release Because of Delay," provides, in pertinent part:

> Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
>
> (1) 90 days from the commencement of his detention if he is accused of a felony. . . .

Tex. Code Crim. Proc. Ann. art. 17.151 (West Supp. 2012).

The trial court granted the writ and ordered a hearing. At the hearing, the evidence showed that Appellant had been arrested in November 2011 on three felony charges: manufacture or delivery of a controlled substance, which is a second-degree felony, Tex. Health & Safety Code Ann. § 481.112(c) (West 2010); theft of a firearm, which is a state-jail felony, Tex. Penal Code Ann. § 31.03(e)(4)(C) (West Supp. 2012); and felon in possession of a firearm, a third-degree felony, *id.* § 46.04(e) (West 2011). The evidence also showed that Appellant had been held in jail continuously for more than ninety days. Finally,

4

the evidence showed that the grand jury had returned an indictment on the felon-in-possession-of-a-firearm charge within the statutory ninety-day window, but the State stipulated that indictments had not been returned on the drug or theft charges.

Based on these facts, Appellant argued that because the State was not ready for trial on the unindicted charges, he was entitled to release on personal bond or by a bond reduction on those charges. He did not contend that he was entitled to release on the indicted charge of felon in possession of a firearm and consequently that issue is not before us.

### Standard of Review

We review a trial court's decision to deny relief on a claim that the trial court violated article 17.151 for an abuse of discretion. *Ex parte Craft*, 301 S.W.3d 447, 448 (Tex. App.—Fort Worth 2009, no pet.); *Ex parte Karlson,* 282 S.W.3d 118, 127–28 (Tex. App.—Fort Worth 2009, pet. ref'd); *see Jones v. State,* 803 S.W.2d 712, 719 (Tex. Crim. App. 1991). In reviewing the trial court's ruling, we view the evidence in the light most favorable to the ruling. *Craft*, 301 S.W.3d at 449; *Karlson,* 282 S.W.3d at 127–28; *Ex parte Bruce*, 112 S.W.3d 635, 639 (Tex. App.—Fort Worth 2003, pet. dism'd); *see Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006).

### Analysis

Although the grand jury returned an indictment on one charge, it did not on those charges for which Appellant claimed in his application for writ that article

5

17.151 required his release on either a personal or reduced bond. Because the State stipulated that indictments were not filed on those cases, it could not have been ready to try them. *See Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983); *Pate v. State*, 592 S.W.2d 620, 621 (Tex. Crim. App. 1980); *Craft*, 301 S.W.3d at 449.

As for the unindicted charges on which Appellant was held past the statutory ninety-day window, the trial court had two options: release Appellant on personal bond or release him by reducing the bond to an amount he could afford to pay. Tex. Code Crim. Proc. Ann. art. 17.151; *see Rowe v. State*, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993); *Kernahan*, 657 S.W.2d at 434; *Ex parte McNeil*, 772 S.W.2d 488, 489 (Tex. App.—Houston [1st Dist.] 1989, no pet.). Bond was set at $25,000 for the drug case and $20,000 for the theft.

The State argued to the trial court as it does now in its brief that article 17.151 does not apply because Appellant was also being held on the indicted felon-in-possession-of-a-firearm case. It points to section 2 of the statute, which provides that "[t]he provisions of this article do not apply to a defendant who is . . . detained pending trial of another accusation . . . as to which the applicable period has not yet elapsed[.]" Tex. Code Crim. Proc. Ann. art. 17.151 § 2(2). While the State's position is reasonable, we have found no binding precedent holding that the exception is triggered by a pending charge for which the State is ready for trial *after the applicable time period has elapsed*. Absent such authority, prudence dictates that we read the statute as literally as we can. Here,

6

although the felon-in-possession-of-a-firearm case was indicted within the statutory ninety days, the writ hearing was held after the ninety-day window had closed.  At that time, Appellant was still being held on the unindicted charges.  In other words, he was not being detained pending trial of another accusation as to which the applicable period had not yet elapsed.  Rather, he was being detained pending trial of another accusation as to which the applicable period *had* elapsed.  Under the plain language of section 2, the exception does not apply.

We find nothing in the statute or the case law to suggest that once the statutory window is no longer open, the legislature nonetheless intended to allow the State to maintain a hold on an accused for an unindicted charge simply because it had gotten ready on another case before the shutters came down.  To the extent that the State's brief suggests that article 17.15 allows a trial court to disregard the provisions of 17.151, we reject that suggestion.  *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2005).  The terms of 17.151 are mandatory, and the State points to no binding authority, nor are we aware of any, requiring us to hold that 17.15 may be used to trump 17.151.[1]  Regardless of whether 17.15 sets out factors a trial court may in its discretion consider when

---

[1]We are aware that the State has filed a petition for discretionary review complaining that we failed in our original opinion to address this issue, which the State contends is dispositive.  We did not address the issue originally because the State inadequately briefed it and it is not dispositive.  Even if 17.15 allows a trial court to consider, among other things, safety of the community, in setting bail, 17.151 still requires the accused's release on personal bond or reduced bail when the State is not ready for trial within the period prescribed by the statute. *See Jones*, 803 S.W.2d at 715.

determining the amount of bond, given the plain, nondiscretionary language of 17.151, we conclude that the legislature intended that persons detained without formal charges should be released on those unindicted charges when the State is not ready for trial within the time the legislature set.[2]  *See Jones*, 803 S.W.2d at 715 (noting "the obvious legislative intent to provide assurance that an accused will not be held in custody indefinitely while the State is not at least prepared to bring him to trial").

The trial court, however, rather than issuing an order reducing the bond amount or releasing Appellant on personal bond, expressly denied the application for writ on the grounds that article 17.151 did not entitle Appellant to relief.[3]  Because the terms of the statute are mandatory, we hold that the trial court abused its discretion to so rule.

## Conclusion

Having held that the trial court abused its discretion, we reverse the trial court's order denying habeas relief and remand this case to the trial court for

---

[2]We do not hold nor does Appellant assert that he is entitled to be released on the charge for which the State secured an indictment while the window was still open.

[3]From the record it appears that the trial court was willing to lower the bond amount by $5000 in each of these cases by granting an oral motion to reduce bond and directed Appellant to prepare an order to that effect.  However, on the record the trial court specifically "found in the State's favor," and the only written order in the record before us is the trial court's order denying Appellant's application for writ of habeas corpus.  Thus, that ruling is the only one we consider in this appeal.  *See Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.).

further proceedings including releasing Appellant on personal bond or reducing the amount of bail required in the two cases that formed the basis for the writ.


                                         LEE GABRIEL
                                         JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

PUBLISH

DELIVERED:  January 24, 2013