02-12-116-CR REH









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00116-CR

 

 









 
 
 Ex
 parte D’Anate Lee Shaw
  
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 89th District Court
  
 of
 Wichita County (176,379-C)
  
 January
 24, 2013
  
 Opinion
 by Justice Gabriel
  
 (p)
 
 


 

JUDGMENT

 

          On
the Court’s own motion, we withdraw our December 21, 2012 opinion and judgment
and substitute the following.  This court has again considered the record on
appeal in this case and holds that there was error in the trial court’s
judgment.  It is ordered that the trial court’s order denying habeas relief is
reversed and this case is remanded for further proceedings including releasing
Appellant on personal bond or reducing the amount of bail required in the two
cases that formed the basis for the writ.

          It
is further ordered that the State shall pay all costs of this appeal, for which
let execution issue.

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

    Justice Lee Gabriel

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00116-CR

 


 
 
 Ex parte D’Anate Lee Shaw
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

FROM THE 89th
District Court OF Wichita COUNTY

----------

OPINION

----------

Introduction

          On
the court’s own motion, we withdraw the original opinion issued on December 21,
2012, and substitute the following in its place.  In a single point, Appellant
D’anate Lee Shaw appeals the trial court’s denial of his application for relief
on habeas corpus.  See Tex. R. App. P. 31.  The issue is whether the
trial court abused its discretion by not reducing Appellant’s bond amount or releasing
him on a personal bond when the evidence showed that the State was not ready for
trial within ninety days of Appellant’s arrest. We reverse and remand for
further proceedings consistent with this opinion.

Background
Facts and Procedural History

          In February 2012,
Appellant applied for a writ of habeas corpus, seeking pretrial release because
the State was not ready for trial within ninety days of the commencement of his
detention as required by article 17.151 of the code of criminal procedure.  Article
17.151, “Release Because of Delay,” provides, in pertinent part:

Sec. 1.  A defendant
who is detained in jail pending trial of an accusation against him must be
released either on personal bond or by reducing the amount of bail required, if
the state is not ready for trial of the criminal action for which he is being
detained within:

 

(1) 90 days from the commencement of his detention if he
is accused of a felony. . . .

Tex.
Code Crim. Proc. Ann. art. 17.151 (West Supp. 2012).

          The
trial court granted the writ and ordered a hearing.  At the hearing, the
evidence showed that Appellant had been arrested in November 2011 on three
felony charges:  manufacture or delivery of a controlled substance, which is a
second-degree felony, Tex. Health & Safety Code Ann. § 481.112(c)
(West 2010); theft of a firearm, which is a state-jail felony, Tex.
Penal Code Ann. § 31.03(e)(4)(C) (West Supp. 2012); and felon in
possession of a firearm, a third-degree felony, id.
§ 46.04(e) (West 2011).  The evidence also showed that Appellant had been
held in jail continuously for more than ninety days.  Finally, the evidence
showed that the grand jury had returned an indictment on the felon-in-possession-of-a-firearm
charge within the statutory ninety-day window, but the State stipulated that indictments
had not been returned on the drug or theft charges.

          Based
on these facts, Appellant argued that because the State was not ready for trial
on the unindicted charges, he was entitled to release on personal bond or by a bond
reduction on those charges.  He did not contend that he was entitled to release
on the indicted charge of felon in possession of a firearm and consequently that
issue is not before us.

Standard
of Review

          We
review a trial court’s decision to deny relief on a claim that the trial court
violated article 17.151 for an abuse of discretion.  Ex parte Craft, 301
S.W.3d 447, 448 (Tex. App.––Fort Worth 2009, no pet.); Ex parte Karlson,
282 S.W.3d 118, 127–28 (Tex. App.––Fort Worth 2009, pet. ref’d); see Jones
v. State, 803 S.W.2d 712, 719 (Tex. Crim. App. 1991).  In reviewing the
trial court’s ruling, we view the evidence in the light most favorable to the ruling. 
Craft, 301 S.W.3d at 449; Karlson, 282
S.W.3d at 127–28; Ex parte Bruce, 112 S.W.3d 635, 639 (Tex. App.––Fort
Worth 2003, pet. dism’d); see Ex parte Amezquita, 223 S.W.3d 363, 367
(Tex. Crim. App. 2006).

Analysis

          Although
the grand jury returned an indictment on one charge, it did not on those charges
for which Appellant claimed in his application for writ that article 17.151
required his release on either a personal or reduced bond.  Because the State stipulated
that indictments were not filed on those cases, it could not have been ready to
try them.  See Kernahan v. State, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983);
Pate v. State, 592 S.W.2d 620, 621 (Tex. Crim. App. 1980); Craft,
301 S.W.3d at 449.

          As
for the unindicted charges on which Appellant was held past the statutory ninety-day
window, the trial court had two options:  release Appellant on personal bond or
release him by reducing the bond to an amount he could afford to pay.  Tex. Code
Crim. Proc. Ann. art. 17.151; see Rowe v. State, 853 S.W.2d 581, 582
(Tex. Crim. App. 1993); Kernahan, 657 S.W.2d at 434; Ex parte McNeil,
772 S.W.2d 488, 489 (Tex. App.––Houston [1st Dist.] 1989, no pet.).  Bond was set
at $25,000 for the drug case and $20,000 for the theft.

          The
State argued to the trial court as it does now in its brief that article 17.151
does not apply because Appellant was also being held on the indicted felon-in-possession-of-a-firearm
case.  It points to section 2 of the statute, which provides that “[t]he provisions
of this article do not apply to a defendant who is . . .
detained pending trial of another accusation . . .  as to which the applicable
period has not yet elapsed[.]”  Tex. Code Crim. Proc. Ann. art. 17.151 § 2(2).
 While the State’s position is reasonable, we have found no binding precedent
holding that the exception is triggered by a pending charge for which the State
is ready for trial after the applicable time period has elapsed.  Absent
such authority, prudence dictates that we read the statute as literally as we
can.  Here, although the felon-in-possession-of-a-firearm case was indicted
within the statutory ninety days, the writ hearing was held after the ninety-day
window had closed.  At that time, Appellant was still being held on the
unindicted charges.  In other words, he was not being detained pending trial of
another accusation as to which the applicable period had not yet elapsed. 
Rather, he was being detained pending trial of another accusation as to which
the applicable period had elapsed.  Under the plain language of section
2, the exception does not apply.

          We
find nothing in the statute or the case law to suggest that once the statutory
window is no longer open, the legislature nonetheless intended to allow the
State to maintain a hold on an accused for an unindicted charge simply because
it had gotten ready on another case before the shutters came down.  To the
extent that the State’s brief suggests that article 17.15 allows a trial court
to disregard the provisions of 17.151, we reject that suggestion.  See
Tex. Code Crim. Proc. Ann. art. 17.15 (West 2005).  The terms of 17.151 are
mandatory, and the State points to no binding authority, nor are we aware of
any, requiring us to hold that 17.15 may be used to trump 17.151.[1] 
Regardless of whether 17.15 sets out factors a trial court may in its
discretion consider when determining the amount of bond, given the plain, nondiscretionary
language of 17.151, we conclude that the legislature intended that persons
detained without formal charges should be released on those unindicted charges
when the State is not ready for trial within the time the legislature set.[2] 
See Jones, 803 S.W.2d at 715 (noting “the obvious legislative intent to
provide assurance that an accused will not be held in custody indefinitely
while the State is not at least prepared to bring him to trial”).

          The
trial court, however, rather than issuing an order reducing the bond amount or
releasing Appellant on personal bond, expressly denied the application for writ
on the grounds that article 17.151 did not entitle Appellant to relief.[3] 
Because the terms of the statute are mandatory, we hold that the trial court
abused its discretion to so rule.

Conclusion

          Having
held that the trial court abused its discretion, we reverse the trial court’s
order denying habeas relief and remand this case to the trial court for further
proceedings including releasing Appellant on personal bond or reducing the
amount of bail required in the two cases that formed the basis for the writ. 

 

 

LEE GABRIEL
JUSTICE

 

PANEL:  LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

PUBLISH

DELIVERED:  January 24, 2013









[1]We are aware that the
State has filed a petition for discretionary review complaining that we failed
in our original opinion to address this issue, which the State contends is
dispositive.  We did not address the issue originally because the State inadequately
briefed it and it is not dispositive.  Even if 17.15 allows a trial court to
consider, among other things, safety of the community, in setting bail, 17.151
still requires the accused’s release on personal bond or reduced bail when the
State is not ready for trial within the period prescribed by the statute.  See
Jones, 803 S.W.2d at 715.





[2]We do not hold nor does
Appellant assert that he is entitled to be released on the charge for which the
State secured an indictment while the window was still open.





[3]From the record it appears
that the trial court was willing to lower the bond amount by $5000 in each of
these cases by granting an oral motion to reduce bond and directed Appellant to
prepare an order to that effect.  However, on the record the trial court
specifically “found in the State’s favor,” and the only written order in the
record before us is the trial court’s order denying Appellant’s application for
writ of habeas corpus.  Thus, that ruling is the only one we consider in this
appeal.  See Ex parte Wiley, 949 S.W.2d 3, 4 (Tex. App.––Fort Worth
1996, no pet.).