In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-13-00058-CR

_____

## EX PARTE TOMMY JOHN GILL

On Appeal from the 1st District Court
Jasper County, Texas
Trial Cause No. 32624

## MEMORANDUM OPINION

After being arrested and jailed for the murder of Ryan Dockens, but before being indicted for the murder, Tommy John Gill filed a writ of habeas corpus seeking to be released from jail. Gill's writ asserts that he could not afford to post a cash or surety bond in any amount. *See* Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1) (West Supp. 2012).[1] According to Gill, he should have been released on a

---

[1]With respect to release from custody because of delay, article 17.151 of the Code provides, in relevant part:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing

1

personal bond. *Id*. In one issue, Gill argues the trial court erred by denying his writ and refusing to release him on a personal bond or to reduce his bail to an amount that the evidence shows he could afford. We affirm the trial court's order denying the writ.

Gill has been in custody since September 1, 2012, when he was arrested for Dockens's murder. He was not indicted until February 26, 2013. Gill's bail was initially set at $1,000,000, but, based on a writ of habeas corpus filed in October 2012, the trial court reduced Gill's bail to $100,000. In December 2012, based on a second writ application that Gill filed in November 2012, the trial court further reduced Gill's bail to $50,000. In January 2013, more than ninety days after his arrest, Gill filed a third writ of habeas corpus, requesting that the trial court either release him from custody on a personal bond or further reduce his bail. *See* Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1).

At the January 2013 hearing on Gill's third writ, Gill acknowledged that at the previous hearing, his bail had been reduced to $50,000. According to Gill, there

the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony[.]

Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1) (West Supp. 2012).

2

had been no change in his finances since the prior hearing, and he testified that he had not been able to make bond in the amount of $50,000. Gill also testified that he had no cash, that he had not opened a bank account, that his ability to borrow money had not improved, and that he had no relatives who would give him a loan. Gill asked that the trial court release him on a personal bond. On cross-examination, Gill acknowledged having previously been convicted of two felonies, one for burglarizing a building and another for possession and delivery of a controlled substance.

Charlie Gill, Gill's father and a co-defendant in Dockens's murder, was the only family member who testified during the January 2013 hearing. Charlie's testimony indicates that he had been in jail for the murder since September 2012, that he was not married but was responsible for supporting one child, that he did not own any property, and that he did not have any money.

Gill's fiancée, Sarah Lunceford, also testified during the January 2013 hearing. Lunceford's brother is a co-defendant in Dockens's murder. According to Lunceford, bail bondsmen gave her quotes of $5,000 and $7,000 for the $50,000 bond. Lunceford explained that she did not have the ability to pay for a bond in those amounts, nor did she have any knowledge that Gill could pay those amounts to obtain a bond either.

3

At the conclusion for the January 2013 hearing, the trial court denied Gill's application, ordering his bond to remain at $50,000.00. The trial court entered written findings of fact and conclusions of law that explain the reasons it denied the writ. In its Findings of Fact and Conclusions of Law, the trial court acknowledged that article 17.151 directs the release of a defendant who has not been indicted within ninety days of being detained on a personal bond or through the reduction of bail; however, the trial court also noted that article 17.151 does not mandate a defendant's release "based on his oftentimes self-serving testimony that he is indigent." Citing *Ex parte Hays*, No. 09-12-00330-CR, 2012 Tex. App. LEXIS 9053 (Tex. App.—Beaumont Oct. 31, 2012, no pet.) (mem. op., not designated for publication), the trial court also indicated that it had considered Gill's prior criminal record and aggravating factors related to the alleged murder.

Relying on article 17.151, Gill contends that defendants who are not indicted within ninety days of being arrested and who are unable to afford bail are required to be released on a personal bond. Gill argues that his release on personal bond is required based on the Texas Court of Criminal Appeals opinion in *Rowe v. State*, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993).[2] According to Gill, the trial court

---

[2]Rowe is a murder and aggravated assault case decided in 1993. *Rowe v. State*, 853 S.W.2d 581 (Tex. Crim. App. 1993); *but cf. Ex parte Matthews*, 327 S.W.3d 884, 887-88 (Tex. App.—Beaumont 2010, no pet.) (explaining that

erred by considering a concern for the community's safety when it denied his request asking to be released on a personal bond.

We disagree that trial courts are not permitted to consider community safety concerns in bond hearings involving defendants who have not been indicted within ninety days of their arrest. We have previously held that "article 17.15 places a mandatory duty on trial courts to consider both the safety of the victim and the safety of the community in fixing bail, including those cases that involve the State's having failed to return an indictment within the period provided by article 17.151 § 1." *Ex parte Hays*, 2012 Tex. App. LEXIS 9053, at \*4 (citing *Ex parte Matthews*, 327 S.W.3d 884, 887-88 (Tex. App.—Beaumont 2010, no pet.). As we stated in *Matthews*, and as the Court of Criminal Appeals has acknowledged, "[b]y placing a mandatory duty on trial courts to consider the safety of the victim and the safety of the community in fixing bail in all cases, the Legislature requires trial

_____

because article 17.15 was amended after the Court of Criminal Appeals decided *Rowe*, article 17.15 must be read in connection with article 17.151). In *Rowe*, a case where the record showed that the defendant could not make any bond, and decided before the Legislature amended article 17.15 to include community caretaking as a consideration in setting bail, the Court of Criminal Appeals concluded that article 17.151 required a trial court to reduce the defendant's bail to an amount that he could afford or to release the defendant on personal bond. 853 S.W.2d at 582.

5

courts to consider a fact that is not related to the amount the defendant can afford to pay." *Ex parte Matthews*, 327 S.W.3d at 887.

Although Gill complains that the State did not produce evidence that Gill "was such a danger to the community that reasonable bond restrictions would not be adequate," the burden of persuasion on that issue, given Gill's prior criminal history, is a burden placed on Gill. In *Ex parte Hurst*, the Fourteenth Court of Appeals placed the burden on the defendant of proving the defendant's bail was excessive *and* the future safety of the victim and the community would not be affected. *See generally Ex parte Hurst*, No. 14-12-01151-CR, 2013 Tex. App. LEXIS 4453, at *4 (Tex. App.—Houston [14th Dist.] Apr. 9, 2013, n.p.h.) (not designated for publication) (citing *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980)).

We review a trial court's decision in setting a defendant's bail for abuse of discretion. *Ex parte Ruiz*, 129 S.W.3d 751, 753 & n.2 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981)). "In reviewing the trial court's decision, we view the evidence in the light most favorable to the ruling." *Ex parte Craft*, 301 S.W.3d 447, 448-49 (Tex. App.—Fort Worth 2009, no pet.).

Here, Gill stated that he had no income; but, the trial court's findings reflect that it did not believe that Gill was unable to make any bail. While Gill's fiancée explained that she could not afford to pay the premium on a $50,000 bond, she did not state the premium she could pay. Additionally, Gill failed to put on any evidence at the January hearing showing where he planned to live or how he planned to make a living pending trial. In the absence of evidence tending to show that he did not present a realistic threat of committing additional offenses given his limited resources and prior history of committing felonies, and because the trial court was not required to accept Gill's testimony that he could afford no bail, we hold the trial court did not abuse its discretion in denying his writ. *See Ex parte Hurst*, 2013 Tex. App. LEXIS 4453, at *4. Gill's issue is overruled. We affirm the trial court's order.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 5, 2013
Opinion Delivered May 8, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.