# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00372-CR

## Ex parte Michael Tucker

### FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-20-300400, THE HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Tucker appeals the district court's order denying his pretrial application for writ of habeas corpus. *See* Tex. Code Crim. Proc. arts. 11.08, .24. He was arrested March 6, 2020, accused of committing a felony offense, and jailed. He was found indigent March 9, 2020, and had counsel appointed to represent him. He remains jailed on a $60,000 bond.[1]

In three issues, Tucker contends that: (1) the amount of his bail is excessive and is being used as an instrument of oppression; (2) his continued confinement during the COVID-19 pandemic violates his due-process rights; and (3) under section 17.151 of the Texas Code of Criminal Procedure, he should have been released on the 90th day of his confinement when the State was not ready for trial. *See id.* art. 17.151, § 1(1) (requiring that defendant accused of felony offense and detained pending trial must be released, either on personal bond or by a bail

---

[1] The district court's understanding at the writ hearing was that Tucker's bond was set at $30,000 (not $60,000). Neither party corrected that misunderstanding during the hearing, and the court found that a $30,000 bond was reasonable.

reduction, if State is not ready for trial within 90 days after defendant's detention began). We will reverse the district court's order and remand this cause for further proceedings.

## BACKGROUND

### State's Motion to Modify Article 17.151 Deadline

On June 1, 2020—eighty-eight days after Tucker's jail detention began—the State filed a "Motion to Modify Article 17.151 Deadline." In the motion, the State acknowledged that it had "been unable to present this case to a grand jury" because of measures that government agencies and officials took to mitigate the impact of COVID-19, and that it was "not feasible for the State to secure an indictment prior to the expiration of the 90-day deadline." *See id.* The State pointed to several emergency orders in support of its contention that a timely indictment was "not feasible," including those issued by the Texas Supreme Court and the Texas Court of Criminal Appeals.

The First Emergency Order issued on March 13, 2020, stated in part that—subject only to constitutional limitations—all Texas courts were authorized to "modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule or order, for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted." *First Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9042 (Tex. Mar. 13, 2020), Misc. Docket No. 20-007 (Tex. Crim. App. Mar. 13, 2020). This order also authorized certain individuals—"not including a juror"—to participate remotely in hearings, depositions, "or other proceeding[s] of any kind." *Id.* Less than a week later, a Third Emergency Order issued, stating that "[c]ourts must not conduct non-essential proceedings in person" that were "contrary to local, state, or national directives, whichever is most restrictive, regarding maximum group size." *Third Emergency Order Regarding the COVID-19 State of*

2

*Disaster*, Misc. Docket No. 20-9044 (Tex. Mar. 13, 2020), Misc. Docket No. 20-008 (Tex. Crim. App. Mar. 19, 2020). The State asked the Office of Court Administration (OCA) whether a grand jury's consideration of cases involving defendants in custody would be considered "essential" under the terms of the various emergency orders issued, and the OCA determined that it would. The State then arranged for the meeting of three grand juries on March 23 and 24, 2020, to consider cases involving in-custody defendants. Tucker's case was not presented.

In April, the Texas Supreme Court issued a Twelfth Emergency Order containing the same authorization to Texas courts to "modify or suspend any and all deadlines and procedures" and amending the first order to clarify that Texas courts were authorized to "[a]llow or require anyone involved in any hearing, deposition, or other proceeding of any kind— including but not limited to a party, attorney, witness, court reporter, or *grand juror*, but not including a petit juror—to participate remotely, such as by teleconferencing, videoconferencing, or other means." *Twelfth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9059 (Tex. Apr. 27, 2020) (emphasis added). After issuance of that clarifying order, the Travis County District Attorney's Office requested that grand juries empaneled in January 2020 resume hearing cases. But before issuance of the clarifying order, the State was aware that "it would not be possible to assemble the number of grand jurors necessary to establish a quorum after March 24, 2020." In May, the Texas Supreme Court issued its Seventeenth Emergency Order that, among other things, amended and renewed the provisions allowing for modification and suspension of deadlines and procedures and for grand jurors "to participate remotely." *Seventeenth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9071 (Tex. May 26, 2020). This Seventeenth Emergency Order was in effect when the district court ruled on the parties' motions.

The State's motion contended that its 90-day statutory deadline to announce ready for trial—and the time that an unindicted defendant may remain jailed—could be extended or modified because the Texas Supreme Court may "modify or suspend procedures" under authority conferred by the Government Code:

> Notwithstanding any other statute, the supreme court may modify or suspend procedures for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor. An order under this section may not extend for more than 90 days from the date the order was signed unless renewed by the chief justice of the supreme court.

Tex. Gov't Code § 22.0035(b). Thus, the State asserted that any statutory rights stemming from article 17.151 of the Code of Criminal Procedure may be "abridged" by the Legislature under subsection 22.0035(b).

**Tucker's Motion for Release Because of Delay and Pretrial Application for Habeas Corpus**

On June 3, 2020, ninety days after his jail detention began, Tucker filed a "Motion to Release Because of Delay" asserting his rights under section 17.151 of the Code of Criminal Procedure and requesting a personal bond. *See* Tex. Code Crim. Proc. art. 17.151, § 1(1). He pointed to the fact of his arrest and jail detention since March 6 and the lack of an indictment against him and contended that the State was not ready for trial. Tucker also contended that the Seventeenth Emergency Order violated the Texas Constitution's prohibition against suspension of laws. *See* Tex. Const. art. I, § 28; *Seventeenth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9071.

The next day, Tucker filed a pretrial application for writ of habeas corpus, seeking release on a personal bond. *See* Tex. Code Crim. Proc. art. 17.151, § 1(1); *see also id.* art. 1.08

("The writ of habeas corpus is a writ of right and shall never be suspended."). Tucker noted that he was indigent and had appointed counsel. He contended (as he does here) that the $60,000[2] amount of his bail was excessive, that his continued confinement during the COVID-19 pandemic violated his due-process rights, and that under section 17.151 of the Code of Criminal Procedure, he should have been released on the 90th day of his confinement when the State was not ready for trial. As to the emergency orders, Tucker pointed out that the First Emergency Order did not explicitly address grand juries and did not implicitly prohibit them from participating in teleconferencing or videoconferencing. Afterward, the Twelfth Emergency Order explicitly included a "grand juror" in the class of individuals authorized "to participate remotely." Finally, Tucker notes that the authorization for grand jurors to do so had been effective nearly a month before the expiration of the 90-day ready-for-trial deadline and that Travis County courts had functioned by videoconferencing since early in the disaster declaration.

In its response filed June 10 to Tucker's pretrial habeas corpus application,[3] the State contended that under the statutory considerations for fixing the amount of bail, "a $30,000 [sic] bond is not unreasonable." *See id.* art. 17.15 (providing considerations for exercise of discretion in fixing amount of bail). The State also incorporated by reference its arguments and authorities in its motion to modify the article 17.151 deadline.[4]

---

[2] The $60,000 bond amount was stated correctly in Tucker's pretrial habeas corpus application.

[3] The response was filed after the June 4 hearing on the pretrial habeas corpus application.

[4] The State's response expressly disclaimed any reliance on the Governor's executive order suspending article 17.151 "to the extent necessary to prevent any person's automatic release on personal bond because the State is not ready for trial." Tex. Gov. Exec. Order No. GA-13 (Mar. 29, 2020). The State said that the order did "not validly prevent" Tucker's release because it violates the suspension-of-laws prohibition and the separation-of-powers provision in the Texas Constitution. *See* Tex. Const. arts. I, § 28, II, § 1.

**Hearings on State's Motion to Modify and Tucker's Pretrial Habeas Corpus Application**

On June 4, 2020, the district court conducted a hearing via Zoom on the State's motion to modify and Tucker's pretrial habeas corpus application. The court noted the expiration of the 90-day deadline on the record stating, "As of today [Tucker] has been in jail for 92 days . . . what's the State's response[?]" The State replied, "[W]e're asking the Court to modify that 90-day deadline and extend it to September 30th." The State contended that it was not asking the court to suspend any statute but was "merely asking the Court to modify the deadline." Tucker responded that "asking to modify the deadline guts [article 17.151 of the Code of Criminal Procedure], and it's the same thing as suspending the statute." At the conclusion of the hearing, the district court issued rulings from the bench partially granting the State's requested extension of the statutory 90-day deadline for one week until Thursday, June 11, 2020. The district court also denied Tucker's motion seeking release and reset the case for the next week.

On June 8, 2020, a grand jury indicted Tucker. On June 11, the district court conducted the reset hearing via Zoom. During the hearing, the State contended that because the district court had modified the 90-day deadline to June 11 and Tucker was indicted on June 8, the "deadline ha[d] not passed" before the case was indicted and the issue was "moot." Tucker replied that the harm to him was not moot but ongoing because he was not released on the 91st day after his arrest and jail detention. The district court concluded that "this issue is moot," denied Tucker's request for a personal-recognizance bond, and said, "I believe that the amount is reasonable for the charges, of $30,000." The district court then proceeded to arraignment, Tucker entered a plea of not guilty to the indictment, and the district court placed the case on the jury docket.

On July 2, 2020, the district court signed orders denying Tucker's motion seeking release under article 17.151 and his pretrial habeas application. The district court's written order granting the State's motion to modify found that "the State is not in violation of Article 17.151, Section 1(1), in the above captioned and numbered cause." The district court did not expressly find that the State had announced ready for trial within 90 days of Tucker's jail detention.

Anticipating those written orders, on July 1, 2020, Tucker filed a supplement to his pretrial habeas corpus application, seeking reconsideration of the district court's ruling. The new argument in Tucker's supplemental application was that subsection 22.0035(b) of the Government Code did not grant the Texas Supreme Court or the Court of Criminal Appeals the authority to delegate to the district courts the power to suspend the 90-day deadline in article 17.151. Tucker asserted that because the power to suspend deadlines is granted only pursuant to subsection 22.0035(b) of the Government Code and to those two highest Texas courts, it implies the exclusion of district courts from the power to suspend deadlines. Thus, any attempted delegation of that power to the district courts exceeded the grant of power from the Legislature in subsection 22.0035(b) of the Government Code.

In response, the State contended that the Supreme Court acted under its inherent and implied authority, which would include the power to delegate from an express grant of power and the powers reasonably necessary to carry out its express responsibilities. By way of example, the State noted that district courts have power under the Texas Rules of Civil Procedure to modify discovery-control plans and change limitations on the time for discovery. The State also contended that it "never had the option of presenting this case to a grand jury whose members participated remotely" because no Travis County court had issued an order allowing currently seated grand juries to do so.

7

On July 16, 2020, the district court signed an order stating that it had reheard Tucker's pretrial habeas corpus application, heard his supplemental application, and denied both. This appeal followed.

**Requirement of State's Readiness for Trial under Article 17.151**

The parties' arguments on appeal mirror those presented to the district court below. Tucker contends that under section 17.151 of the Texas Code of Criminal Procedure, he should have been released on the 90th day of his confinement when the State was not ready for trial. *See* Tex. Code Crim. Proc. art. 17.151, § 1(1).[5] The statute requires that:

> [a] defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony.

*Id.* As the Court of Criminal Appeals has noted, "Article 17.151 contains distinctive language *mandating* that a defendant shall be released upon two conditions," which are "the State's unreadiness for trial on the criminal action for which an accused is being held" and "that the accused has been detained pending trial for ninety days, if accused of a felony." *Ex parte Gill*,

---

[5] We begin with Tucker's third issue because it is dispositive of this appeal. Given our resolution of this issue, we need not address the others. *See* Tex. R. App. P. 47.1 (requiring appellate court to issue opinion that is as brief as practicable, addressing every issue raised and necessary to final disposition of appeal); *Ex parte Lopez*, No. 01-17-00586-CR, 2018 Tex. App. LEXIS 5259, at *15 n.8 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op., not designated for publication) (noting that because appellate court sustained Lopez's first issue as to the denial of his pretrial habeas corpus application it was unnecessary for court to "reach his second issue in which he argues that the trial court erred in denying his application because his bail was 'excessive and oppressive'"); *Ex parte Venegas*, 116 S.W.3d 160, 165 (Tex. App.—San Antonio 2003, no pet.) (concluding that because appellate court sustained first issue determining that defendant was entitled to pretrial habeas relief when State was not ready for trial within ninety days of his detention, court did not need to reach his second issue).

413 S.W.3d 425, 430 (Tex. Crim. App. 2013) (emphasis added); *see Pharris v. State*, 196 S.W.3d 369, 373 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) ("Section 17.151 is mandatory."). Thus, subject to certain exceptions not applicable here,[6] if the State is not ready for trial within 90 days after the commencement of a defendant's detention for a felony, the trial court has two options: to release the defendant upon personal bond or to reduce the amount of bail. *See Ex parte Gill*, 413 S.W.3d at 583; *Pharris*, 196 S.W.3d at 373; *see also* Tex. Code Crim. Proc. art. 17.151, §1(1).

**Standard of Review**

"We review a trial court's decision to deny relief on a claim that the State violated article 17.151 for an abuse of discretion." *Ex parte Craft*, 301 S.W.3d 447, 448-49 (Tex. App.—Fort Worth 2009, no pet.) (citing *Jones v. State*, 803 S.W.2d 712, 719 (Tex. Crim. App. 1991) (concluding that "it was not within the trial court's discretion to find the State was timely ready for trial")); *see Ex parte Gill*, 413 S.W.3d at 431. "In reviewing the trial court's decision, we view the evidence in the light most favorable to the ruling." *Ex parte Craft*, 301 S.W.3d at 449. A writ applicant bears the burden of proving the facts entitling him to relief. *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993).

Additionally, the operation of article 17.151 is a question of statutory construction. Statutory construction presents a question of law that we review de novo.

---

[6] The requirement of release or bond reduction in subsection 1 of article 17.151 does not apply if the detained person is serving another sentence at the time, if he is currently incompetent to stand trial, if he is being detained on another accusation for which the time period in 17.151 has not yet expired, or if he is being detained for violating conditions of a previous release relating to the safety of a victim of the alleged offense or to the safety of the community. *See* Tex. Code Crim. Proc. art. 17.151, § 2; *see also id.* arts. 17.152-.153 (addressing denial of bail for violation of court orders or bond conditions).

*Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020). When interpreting a statute's language, we read words and phrases in context and construe them according to normal rules of grammar and usage. *Id.* We give effect to each word, phrase, clause, and sentence if reasonably possible. *Id.* If a statute's language is plain, we effectuate that plain language so long as doing so does not lead to absurd results. *Id.*

The State has the initial burden under article 17.151 to make a prima facie showing that it was ready for trial within the applicable time period. *Ex parte Smith*, 486 S.W.3d 62, 65 (Tex. App.—Texarkana 2016, no pet.); *Ex parte Ragston*, 422 S.W.3d 904, 907 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Jones*, 803 S.W.2d at 717[7]); *Ex parte Brosky*, 863 S.W.2d 775, 778 (Tex. App.—Fort Worth 1993, no pet.). The State may make that showing by either announcing ready within the allotted time, or by announcing retrospectively that it had been ready within the allotted time. *Ex parte Smith*, 486 S.W.3d at 65; *Ex parte Ragston*, 422 S.W.3d at 906 (citing *Jones*, 803 S.W.2d at 717); *Ex parte Brosky*, 863 S.W.2d at 778. Once the State makes its prima facie showing, the burden shifts to the defendant to rebut it. *Ex parte Brosky*, 863 S.W.2d at 778 (citing *Jones*, 803 S.W.2d at 718). In the absence of a sufficient rebuttal, the trial court has the discretion to find the State was timely ready for trial. *Ex parte Brosky*, 863 S.W.2d at 778 (citing *Jones*, 803 S.W.2d at 719).

The question of the State's "readiness" within the statutory time limit refers to the prosecution's preparedness for trial. *Behrend v. State*, 729 S.W.2d 717, 720 (Tex. Crim. App. 1987); *Ex parte Brosky*, 863 S.W.2d at 778. "The State cannot announce ready for trial when there is no indictment." *Ex parte Castellano*, 321 S.W.3d 760, 763 (Tex. App.—Fort Worth

---

[7] Cases decided under the former Speedy Trial Act are instructive as to procedures under article 17.151. *Jones v. State*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991).

2010, no pet.). Accordingly, "the existence of a charging instrument is an element of State preparedness." *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983); *see McClellan v. State*, 701 S.W.2d 671, 675 (Tex. App.—Austin 1985), *aff'd*, 742 S.W.2d 655 (Tex. Crim. App. 1987).

**State's "Not Ready" Acknowledgment**

Here, Tucker was arrested and jailed on March 6, 2020. Thus, article 17.151 required the State to make a prima facie showing that it was ready for trial within 90 days after Tucker's jail detention began—i.e., June 3, 2020. *See* Tex. Code Crim. Proc. art. 17.151, § 1(1); *see also Nesbit v. State*, 227 S.W.3d 64, 69 (Tex. Crim. App. 2007) ("The operative rule is that the duration of a time period during which a person suffers specified restrictions upon his freedom by virtue of either a sentence of imprisonment or community supervision includes the first day in which such restrictions upon freedom operate and excludes the anniversary date."). It is undisputed that Tucker remained unindicted and jailed until June 8, 2020. Thus, Tucker was not indicted within "90 days from the commencement of his detention." *See* Tex. Code Crim. Proc. art. 17.151, § 1(1).

Further, at the June 4 hearing on Tucker's pretrial habeas corpus application, the district court acknowledged that the 90-day period from Tucker's arrest and jail detention had expired: "As of today [Tucker] has been in jail for 92 days . . .what's the State's response[?]" The State did not dispute that Tucker had remained jailed and unindicted for over 90 days or announce that it had been ready for trial within that 90-day period. Instead, the State sought an extension of the expired deadline: "[W]e're asking the Court to modify that 90-day deadline and extend it to September 30th."

11

The district court expressly found that "the State [wa]s not in violation of Article 17.151, Section 1(1), in the above captioned and numbered cause." However, nothing in the record would support an implied finding that the State was ready for trial within 90 days from the commencement of Tucker's detention or that the State announced retrospectively that it had been ready during the statutory time limit. *See id.* Rather, the State acknowledged that it had been unable to present the case to a grand jury and that "it had been unable to get a quorum . . . and that the State is right now not able to present its case."

Because the 90-day deadline in section 17.151 had expired, as the district court noted on the record, and because the State had not secured an indictment against Tucker within that allotted time frame, the State was not ready for trial and could not have announced ready. *See Ex parte Castellano*, 321 S.W.3d at 763. In sum, this record shows that the State failed to make a prima facie showing that it was ready for trial within 90 days from the date that Tucker's jail detention commenced on March 6. *See* Tex. Code Crim. Proc. art. 17.151, § 1(1). The State had the initial burden of making a prima facie showing of its readiness for trial within the 90-day time period in article 17.151, and it was not Tucker's burden to disprove it. *See Ex parte Smith*, 486 S.W.3d at 65; *Ex parte Ragston*, 422 S.W.3d at 907; *Ex parte Brosky*, 863 S.W.2d at 778; *see also Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002) (noting that "defendant has no duty to bring himself to trial; that is the State's duty"). Because the State never made its prima facie showing of readiness within 90 days from the date that Tucker's jail detention commenced on March 6, the burden never shifted to Tucker to rebut it. *See Ex parte Brosky*, 863 S.W.2d at 778 (citing *Jones*, 803 S.W.2d at 718). Thus, on this record, the district court did not have discretion to implicitly find—in determining that there was no violation of article 17.151—

12

that the State was timely ready for trial based on the lack of a sufficient rebuttal from Tucker. *Cf. Ex parte Brosky*, 863 S.W.2d at 778 (citing *Jones*, 803 S.W.2d at 719).

At the reset hearing on Tucker's pretrial habeas corpus application, the State contended that the 90-day "deadline ha[d] not passed" before the case was indicted because the district court had extended the deadline to June 11. The State also contended that because Tucker was eventually indicted on June 8, the article 17.151 issue was "moot." The district court agreed that "this issue is moot." We disagree. As Tucker contended, the harm to him was not moot but ongoing because he was not released on the 91st day after his jail detention.[8]

The record shows that the 90-day deadline in section 17.151—commencing from Tucker's jail detention on March 6—had already expired by the time that it was extended on June 4. The State has cited no authority showing that a defendant's preindictment jail detention may properly be extended when the State's 90-day deadline to announce ready has run. *Cf. Ex parte Gill*, 413 S.W.3d at 429 (noting that where it was undisputed that State was not ready for trial ninety days after accused's arrest, judge had only two options under article 17.151: either release accused on personal bond or reduce bail amount) (citing *Rowe v. State*, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993)); *Pharris*, 196 S.W.3d at 373 (concluding that when State is not ready for trial on criminal action for which accused is being held and defendant has been detained on accusation of felony offense pending trial for ninety days, trial court may either release defendant on personal bond or reduce amount of his bail); *see also* Tex. Code Crim. Proc.

---

[8] Further, under the State's line of argument, if it had been unable to secure an indictment against Tucker by June 11, it could have requested successive extensions from the district court of the deadline to announce ready during the period of the disaster declaration, while Tucker remained jailed and unindicted. Those district court extension orders might also have been renewable upon extension of the emergency orders issued by the Texas Supreme Court.

art. 17.151, § 1(1). None of the emergency orders or the provisions of subsection 22.0035(b) of the Government Code purport to authorize the revival and extension of expired deadlines to continue a preindictment confinement that was previously prohibited.

Moreover, the State failed to show that a defendant's preindictment jail detention—the subject of article 17.151 of the Code of Criminal Procedure—is part of any "court proceeding" contemplated by subsection 22.0035(b) of the Government Code. *Compare* Tex. Gov't Code § 22.0035(b), *with* Tex. Code Crim. Proc. art. 17.151, § 1(1). Individuals may be arrested and released, and charges might not be pursued formally against them; thus, they are never part of any court proceeding. And a criminal "court proceeding"—that is, a criminal prosecution—progresses regardless of whether a defendant is jailed awaiting trial. *See* Criminal Proceeding, Black's Law Dictionary (11th ed. 2019) (defining "criminal proceeding" as "[a] judicial hearing, session, or prosecution in which a court adjudicates whether a person has committed a crime or, having already fixed guilt, decides on the offender's punishment; a criminal hearing or trial."); *see also Green v. State*, 872 S.W.2d 717, 730 (Tex. Crim. App. 1994) (contrasting grand-jury investigation conducted in secret from criminal prosecution). No explanation is offered addressing how subsection 22.0035(b)'s authorization of modifications and suspensions to procedures for conducting "court proceedings" applies to preindictment jail detentions in article 17.151.[9] We are unpersuaded that it does.

Accordingly, we conclude that the deadline in article 17.151, section 1(1) of the Code of Criminal Procedure may not be extended by subsection 22.0035(b) of the Government Code and that the State may not rely on an extension of that expired deadline to continue

_____

[9] The State's brief omits any reference to "court proceedings" in discussing subsection 22.0035(b), except when quoting it.

14

detaining a defendant in jail when the State is not ready for trial and is unable to announce ready because it has not secured an indictment against him. *See* Tex. Code Crim. Proc. art. 17.151, § 1(1); *see also id.* art. 17.40(a) ("To secure a defendant's attendance at trial, a magistrate may impose any reasonable condition of bond related to the safety of a victim of the alleged offense or to the safety of the community."); *Ex parte Gill*, 413 S.W.3d at 430-31 ("Nothing in the mandatory language of article 17.151 precludes a judge from imposing a broad range of reasonable (and even creative) conditions of release designed to ensure victim and community safety like no contact orders, house arrest, electronic monitoring, or daily reporting."); *Pharris*, 165 S.W.3d at 691 (noting that bail is intended to ensure defendant's presence at trial and to ensure safety of community and victim while prosecution is pending). We sustain Tucker's third issue.

## CONCLUSION

We reverse the district court's order denying Tucker's pretrial application for writ of habeas corpus and remand this cause to the district court for further proceedings consistent with this opinion.

_____
Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Smith

Reversed and Remanded

Filed: December 31, 2020

Do Not Publish

15