Ex parte Christopher William **BROSKY**.

No. 2–93–307–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 20, 1993.

Ward Casey, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall and Charles M. Mallin, Edward L. Wilkinson, Marvin Collins, Alan Levy, and David Escobar, Asst. Dist. Attys., Fort Worth, for appellee.

Before HILL, C.J., and WEAVER and DAY, JJ.

## OPINION

DAY, Justice.

Christopher William Brosky appeals from the trial court's refusal to reduce his pretrial bond.

We affirm.

On June 7, 1993, Brosky filed an application for writ of habeas corpus in the 371st District Court of Tarrant County, Texas, complaining of that court's order raising his bail from $25,000 to $100,000. Brosky contended the bail amount violated TEX. CONST. art. I, § 3, U.S. CONST. amends. VIII and XIV, and article 17 of the Texas Code of Criminal Procedure. After a hearing on June 8 and June 14, 1993, the trial court denied Brosky's application and refused to reduce his bond. Brosky then perfected this appeal.

In his sole point of error, Brosky complains the trial court erroneously refused to set bond in an amount he could afford or to set a personal bond, because the State was not ready for trial within 90 days from the commencement of his detention. *See* TEX. CODE CRIM.PROC.ANN. art. 17.151 (Vernon Supp.1993).

On June 8, 1991, Brosky was arrested and confined in the Tarrant County Juvenile Detention Center. On July 30, 1991, the juvenile court waived jurisdiction, and Brosky was transferred to the Tarrant County Jail. On October 28, 1991, 90 days after the juvenile court waived jurisdiction, Brosky was indicted for engaging in organized criminal activity in cause number 0449053D. *See* TEX.PENAL CODE ANN. § 71.02 (Vernon Supp. 1993), § 19.02 (Vernon 1989). On April 1, 1993, he was reindicted for the same offense in cause number 0507810D.

Brosky raises two arguments under his point of error, both of which center around article 17.151. Article 17.151 provides, in pertinent part:

Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony[.]

*Id.*

First, Brosky contends the State could not have been ready for trial within the statutory period because *no* indictment was issued within 90 days.[1] Although Brosky was indicted 90 days after he was certified as an adult, 142 days elapsed from the time he was placed in the juvenile detention center until he was indicted. Brosky asserts the "speedy trial clock" began running from the time of his detention *as a juvenile*. Conversely, the State argues the time Brosky spent in juvenile detention must not be used to calculate whether the State complied with article 17.151.

The juvenile court has exclusive jurisdiction over a juvenile until it properly certifies its action and waives jurisdiction in accord with the provisions of the Family Code. *Robinson v. State,* 707 S.W.2d 47, 48 (Tex.Crim.App.1986). *See* TEX.FAM.CODE ANN. § 51.04 (Vernon 1986), § 54.02 (Vernon Supp.1993). Delinquency proceedings are civil in nature, and the provisions of the Code of Criminal Procedure do not apply to them. *Robinson,* 707 S.W.2d at 48–49. Thus, article 17.151 does not apply until a defendant is certified as an adult and transferred to a criminal court. *Id.* at 49 (construing TEX. CODE CRIM.PROC.ANN. art. 32A.02). *See also Jones v. State,* 803 S.W.2d 712, 717 (Tex. Crim.App.1991) (cases decided under article 32A.02 are instructive on procedures under article 17.151); TEX.FAM.CODE ANN. § 54.-02(h) (Vernon Supp.1993).

In this case, Brosky was certified as an adult and transferred to Tarrant County Jail on July 30, 1991. We conclude July 30, 1991 is the date upon which his detention commenced for purposes of article 17.151.

---

1. The State cannot be ready until an indictment or felony information is filed. *Golden v. State,* 672 S.W.2d 895, 895–96 (Tex.App.—Dallas 1984, no pet.). *See also Buford v. State,* 657 S.W.2d 107, 108–09 (Tex.Crim.App.1983).

■ Further, the construction of article 17.151 Brosky urges would unduly interfere with the prosecutor's function as a judicial officer in preparing her cases, thus violating the separation of powers doctrine. *See Jones,* 803 S.W.2d at 716.[2] In instances where a juvenile is not certified as an adult until he has been held in a juvenile detention center more than 90 days, the prosecutor would have no time to announce ready for trial before the accused was released pursuant to article 17.151. We do not believe the legislature intended this absurd result.

■ In his second argument, Brosky contends the October 28, 1991 indictment did not contain all the essential elements of the April 1, 1993 reindictment and, therefore, the State could not have been ready timely to try the case.

On April 1, 1993, Brosky was reindicted for organized criminal activity. The October 28, 1991 indictment for organized criminal activity was then dismissed.

■ When a defendant complains the State was not ready within the statutory time period, the State had the burden to make a *prima facie* showing that it was. *Jones,* 803 S.W.2d at 717. The State may satisfy its burden either by announcing ready within the allotted time or by announcing retrospectively that it had been ready within the allotted time. *Id.* Once the State makes its *prima facie* showing, the burden shifts to the defendant to rebut it. *Id.* at 718. In the absence of a sufficient rebuttal, the trial court has the discretion to find the State was timely ready for trial. *Id.* at 719.

At the habeas corpus hearing, one of the State's attorneys testified she was ready to try Brosky for engaging in organized criminal activity on October 28, 1991. With this testimony, the State made a *prima facie* showing that it was timely ready for trial. By way of rebuttal, Brosky attempted to prove the April 1, 1993 indictment contained an element of the offense that the October 28, 1991 indictment did not. Curiously, Brosky grounds his complaint on the fact that an overt act included in the October 28 indictment was *omitted* from the April 1 indictment, not vice versa. Count one of the October 28 indictment alleged:

> Christopher William Brosky[,] hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 7th day of June, 1991, did then and there with intent to establish, maintain, and participate in a combination, conspire to commit and did commit the offense of murder … and in pursuance of such agreement and in furtherance thereof, the said defendant and William George Roberts, III and Joshua Everette Hendry performed an overt act, as follows, to-wit: *shoot the said Donald Thomas with a deadly weapon, to-wit: a firearm* [.] [Emphasis added.]

■ The April 1, 1993 indictment originally alleged, "[O]n or about June 7, 1991, William George Roberts, III fired a shotgun at Donald Thomas." This allegation was later stricken. Brosky submits that, because this allegation was dropped from the April 1 indictment, the State was not ready for trial on October 28, 1991. The question of the State's "readiness" within the statutory limits refers to the preparedness of the prosecution for trial. *Behrend v. State,* 729 S.W.2d 717, 720 (Tex.Crim.App.1987). The concept of "ready" does not demand that the State have a perfect indictment. *Id.* In fact, where there is no showing of bad faith, the State may be prepared for trial even though the indictment that forms the basis for the prosecution of the offense is so defective as to be void. *Id.*

The original indictment in *Behrend* charged the appellant with capital murder. It alleged the appellant knowingly and intentionally caused the death of the victim "by suffocating [the] deceased by holding a cloth soaked with chlor[o]form over the mouth and nose of [the] deceased[.]" *Id.* at 719. The State announced ready for trial within the statutory period. *Id.*

The appellant was reindicted for the lesser included offense of murder almost four months after the State announced ready.

---

2. Texas courts recognize a violation of separation of powers when one governmental branch unduly interferes with another branch so the other branch cannot effectively exercise its constitutionally assigned powers. *Jones,* 803 S.W.2d at 715.

The second indictment alleged, "[T]he exact manner and means of causing death is unknown to the Grand Jurors." *Id.* The appellant challenged the State's readiness for trial, contending that "manner and means unknown" and "death by chloroform" are mutually inconsistent theories. *Id.* at 719–20.

The court of criminal appeals disagreed, stating:

> So long as the State was "ready" or prepared to go to trial on the allegation of murder by chloroform suffocation and in good faith was ready to attempt with witnesses or evidence to persuade a jury of the first theory within the time limitations, the readiness requirements of the [statute] are satisfied. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). It is of no moment that the State may reconsider the case, change its initial position, and recharge a criminal defendant with the same offense but under theories more consistent with the evidence. The State may be ready on this second theory, regardless of its consistency with the first theory, if it in good faith has witnesses or evidence to attempt to persuade a jury of the second theory.

*Id.* at 721.

 No bright line rule has emerged on how much or what type of *evidence* the State must have available to be prepared for trial, although some examples do exist. For instance, a showing that the State did not have a key witness or piece of evidence available would rebut the assertion that the State was ready. *Id.* at 720; *Brown v. State,* 667 S.W.2d 630, 632 (Tex.App.—Fort Worth 1984), *aff'd,* 692 S.W.2d 497 (Tex.Crim.App. 1985).

As we have previously noted, the State made its *prima facie* showing of readiness through the prosecutor's testimony that she was ready to try Brosky on October 28, 1991, for engaging in organized criminal activity under the October 28, 1991 indictment. We find it is of "no moment" that the State later reconsidered the case, changed its initial position, and recharged Brosky with the same offense but under theories more consistent with the evidence. Brosky put on no evidence that the State did not have a key witness or piece of evidence necessary to try his case under either indictment.

 Moreover, *Carr v. State,* 733 S.W.2d 149 (Tex.Crim.App.1984) (opinion on reh'g), upon which Brosky relies, is distinguishable from his situation. The indictments in *Carr* arose out of the same transaction, but the first indictment charged the appellant with theft. The second alleged burglary. *Id.* at 157. The court of criminal appeals refused to extend *Behrend* to indictments for completely different offenses. *Id.* at 156–57.[3]

 As long as the subsequent indictment is for the *same* offense arising out of the *same* transaction for which the defendant was originally arrested, however, announcements of ready by the State carry forward. *Behrend,* 729 S.W.2d at 722. Both the indictments in this case charged Brosky with the same offense: engaging in organized criminal activity. In addition, both offenses arose out of the same transaction: the killing of Donald Thomas. *See id.* at 723. Accordingly, the State's announcement of ready with respect to the October 28, 1991 indictment carried forward to the April 1, 1993 indictment. Brosky did not carry his burden of rebutting the State's *prima facie* case of readiness.

We overrule Brosky's point of error.

The trial court's judgment is affirmed.

---

**3.** The *Carr* court stated:

> In *Behrend* ... the State was conceivably "ready" to prove the elements of the lesser included offense of murder alleged in the second indictment, rather than capital murder. In the instant case an announcement of ready by the State in the theft case does not automatically mean the State was "ready" to try the burglary case.
>
> 733 S.W.2d at 157. Burglary requires greater proof than theft. *Compare* TEX.PENAL CODE ANN. § 30.02 (Vernon 1989) *with* TEX.PENAL CODE ANN. § 31.03 (Vernon 1989 & Supp.1993).