NO. 07-01-0440-CV 



IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 15, 2001


______________________________




HEARING TECHNOLOGIES, INC.,


 Appellant

v.


CALL AWAY ENTERPRISES, INC.,



 Appellee

______________________________
 

FROM THE COUNTY COURT NO. 3 OF LUBBOCK COUNTY;


NO. 590,344; HON. WILLIAM R. SHAVER, PRESIDING

______________________________


ORDER ON APPELLANT'S MOTION TO DISMISS APPEAL

 


Before QUINN, REAVIS and JOHNSON, JJ. 

 Hearing Technologies, Inc., appellant, has moved to dismiss its appeal contending
that the "motion is made as part of a settlement by the parties of all issues on appeal" and
that "the parties have agreed to a contractual resolution of the matters on appeal." Without
passing on the merits of the case, we grant the motion pursuant to Texas Rule of Appellate
Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at appellant's
personal request, no motion for rehearing will be entertained, and our mandate will issue
forthwith.

 Brian Quinn 

 Justice

Do not publish.



 have engaged in delinquent conduct
and committed to the Texas Youth Commission for an indeterminate period. By a sole
issue, he contends his rights to due process and due course of law were violated because
the trial court failed to admonish him regarding the immigration consequences of his plea
of true. Based upon the rationale expressed herein, we affirm.

 After finding that appellant had engaged in delinquent conduct and was in need of
rehabilitation, on November 1, 2000, the trial court placed him on probation. On April 26,
2001, pursuant to the State's petition to modify disposition, the trial court found that
appellant violated the conditions of probation and signed a judgment extending probation
and placing him in the Intensive Supervision Program. Following a hearing on the State's
second petition to modify disposition for further violations of probation and appellant's plea
of true, the trial court signed a judgment and order committing appellant to the Texas
Youth Commission for an indeterminate period. 

 By his sole contention, appellant argues his rights were violated by the trial court's
failure to admonish him as required by section 54.03 of the Texas Family Code and article
26.13 of the Texas Code of Criminal Procedure. Specifically, he asserts he was not
admonished that his plea of true could subject him to deportation. We disagree. 

 Juvenile proceedings are civil in nature. Carrillo v. State, 480 S.W.2d 612, 615
(Tex. 1972); see also Tex. Fam. Code Ann. § 51.13(a) (providing that generally an order
of adjudication or disposition pursuant to the Juvenile Justice Code is not a conviction of
crime). Section 54.03 of the Code provides that the trial court admonish a juvenile and his
parent, guardian, or guardian ad litem as follows:

 (1) the allegations made against the child;

 (2) the nature and possible consequences of the proceedings, including the
law relating to the admissibility of the record of a juvenile court adjudication
in a criminal proceeding;

 (3) the child's privilege against self-incrimination;

 (4) the child's right to trial and to confrontation of witnesses;

 (5) the child's right to representation by an attorney if he is not already
represented; and

 (6) the child's right to trial by jury.


Absent from the required admonishments in a juvenile proceeding is the possibility of
deportation upon a plea of true. However, appellant argues that because juvenile
proceedings are quasi-criminal in nature, the admonishments required by article 26.13(a)
are also mandatory, specifically subsection (a)(4) providing that a plea of guilty or nolo
contendere may result in deportation.

 Delinquency proceedings are civil in nature and the Code of Criminal Procedure
does not apply. Robinson v. State, 707 S.W.2d 47, 48-49 (Tex.Cr.App. 1986); see also
Ex parte Brosky, 863 S.W.2d 775 (Tex.App.-Fort Worth 1993, no pet.). Furthermore, as
pointed out by the State, a juvenile does not enter a plea of guilty or nolo contendere. We
have not overlooked appellant's reliance on In re E.J.G.P., 5 S.W.3d 868 (Tex.App.-El
Paso 1999, no pet.). However, our sister court was unable to find a case holding that
possible deportation is a mandatory admonishment in a juvenile proceeding and instead,
looked to criminal law to analyze the issue. It concluded that possible deportation is a
collateral consequence of a plea of which a defendant need not be advised because it is
civil and administered by an independent agency over which a trial judge has no control. 
Id. at 872. Thus, we conclude the trial court's failure to admonish appellant regarding
deportation consequences in a juvenile proceeding did not violate his due process rights. 
Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 


 

 
1. Tex. R. App. P. 47.2(a).