NO. 07-02-0298-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 17, 2003

______________________________

IN THE MATTER OF R. F.

_________________________________

FROM THE 317TH
 DISTRICT COURT OF JEFFERSON COUNTY,

SITTING AS A JUVENILE COURT; 

NO. 8649-J;  HONORABLE LARRY THORNE, JUDGE

_______________________________

MEMORANDUM OPINION
(footnote: 1)

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Following a modification of disposition hearing and judgment and order of commitment, appellant, R.F., a juvenile, was found to have engaged in delinquent conduct and committed to the Texas Youth Commission for an indeterminate period.  By a sole issue, he contends his rights to due process and due course of law were violated because the trial court failed to admonish him regarding the immigration consequences of his plea of true.
  Based upon the rationale expressed herein, we affirm.

After finding that appellant had engaged in delinquent conduct and was in need of rehabilitation, on November 1, 2000, the trial court placed him on probation.  On April 26, 2001, pursuant to the State’s petition to modify disposition, the trial court found that appellant violated the conditions of probation and signed a judgment extending probation and placing him in the Intensive Supervision Program.  Following a hearing on the State’s second petition to modify disposition for further violations of probation and appellant’s plea of true, the trial court signed a judgment and order committing appellant to the Texas Youth Commission for an indeterminate period.  

By his sole contention, appellant argues his rights were violated by the trial court’s failure to admonish him as required by section 54.03 of the Texas Family Code and article 26.13 of the Texas Code of Criminal Procedure.  Specifically, he asserts he was not admonished that his plea of true could subject him to deportation.  We disagree.  

Juvenile proceedings are civil in nature.  Carrillo v. State, 480 S.W.2d 612, 615 (Tex. 1972); 
see also
 Tex. Fam. Code Ann. § 51.13(a) (providing that generally an order of adjudication or disposition pursuant to the Juvenile Justice Code is not a conviction of crime).  Section 54.03 of the Code provides that the trial court admonish a juvenile and his parent, guardian, or guardian ad litem as follows:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;

(3) the child’s privilege against self-incrimination;

(4) the child’s right to trial and to confrontation of witnesses;

(5) the child’s right to representation by an attorney if he is not already represented; and

(6) the child’s right to trial by jury.

Absent from the required admonishments in a juvenile proceeding is the possibility of deportation upon a plea of true.  However, appellant argues that because juvenile proceedings are quasi-criminal in nature, the admonishments required by article 26.13(a) are also mandatory, specifically subsection (a)(4) providing that a plea of guilty or nolo contendere may result in deportation.

Delinquency proceedings are civil in nature and the Code of Criminal Procedure does not apply.  Robinson v. State, 707 S.W.2d 47, 48-49 (Tex.Cr.App. 1986); 
see also
 Ex parte Brosky, 863 S.W.2d 775 (Tex.App.–Fort Worth 1993, no pet.).  Furthermore, as pointed out by the State, a juvenile does not enter a plea of guilty or nolo contendere.  We have not overlooked appellant’s reliance on In re E.J.G.P., 5 S.W.3d 868 (Tex.App.–El Paso 1999, no pet.).  However, our sister court was unable to find a case holding that possible deportation is a mandatory admonishment in a juvenile proceeding and instead, looked to criminal law to analyze the issue.  It concluded that possible deportation is a collateral consequence of a plea of which a defendant need not be advised because it is civil and administered by an independent agency over which a trial judge has no control.  
Id
. at 872.  Thus, we conclude the trial court’s failure to admonish appellant regarding deportation consequences in a juvenile proceeding did not violate his due process rights.  Appellant’s sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

     Justice

 

FOOTNOTES
1:
Tex. R. App. P. 47.2(a).