Opinion filed December 20, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 20,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00221-CV 

                                                       ________

 

                                        IN
THE MATTER OF J.W.P.

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
County, Texas

 

                                                 Trial
Court Cause No. J-05-499

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

Appellant,
J.W.P., was on formal probation for sexual assault.  The State filed a motion
to modify, and the trial court found that appellant violated three conditions
of his probation and sentenced him to confinement in the Texas Youth Commission
until his 21st birthday.  Appellant filed a motion for new trial that the trial
court overruled after an evidentiary hearing.  We affirm.

Appellant
was on probation because the trial court had previously found that he
penetrated the sexual organ of a child younger than fourteen with his thumb. 
His conditions of probation included:

1.  Commit no
offense against the laws of the State;

 

9.  Do not carry any
weapons designed for offense or defense such as, but not limited to a knife,
club, rifle, pistol, or any other firearm, or chain;








15.  Do not be
around any other children, younger than 10 years of age, without constant adult
supervision.

 

Approximately
seven months later, the State filed a motion to modify disposition contending
that appellant violated the terms and conditions of his probation in three
ways: (1) by committing a criminal offense (touching the genital area of a
child younger than seventeen), (2) by carrying a knife, and (3) by being around
children younger than ten years of age without constant adult supervision.  The
trial court found that each of the allegations was true and sentenced appellant
to confinement in the Texas Youth Commission until his 21st birthday.

Appellant
filed a motion for new trial.  In part, he alleged that his trial counsel
prevented him from testifying.  The trial court conducted an evidentiary
hearing.  Appellant testified and provided the trial court with the testimony
that he would have given if he had been called as a witness at trial. 
Following that hearing, the trial court found that appellant=s testimony would not have
altered the trial=s
outcome, and it overruled appellant=s
motion for new trial.

Appellant
contends initially that his due process rights were denied when his trial
counsel refused to allow him to testify.  Appellant argues that he was only
thirteen years old at the time of his trial, that his trial counsel was an
authority figure to him, and that his counsel unduly influenced him to abstain
from testifying.  The State responds that we should construe this as an
ineffective- assistance-of-counsel argument and that, because there is no
evidence that appellant=s
testimony would have produced a different result, no error is shown.  We agree.

Appellant
cites no authority in support of an undue influence claim arising from his counsel=s conduct.  Because trial
counsel=s conduct is
generally reviewable under an ineffective-assistance-of-counsel standard, we
will apply it here.  Appellant must show that his counsel=s representation fell below
an objective standard of reasonableness and that there was a reasonable
probability that the result would have been different but for counsel=s error.  Strickland v.
Washington, 466 U.S. 668 (1984).








Because
the State was proceeding on a motion to modify disposition, the trial court
needed to find only one allegation true by a preponderance of the evidence to
order appellant=s
confinement.  Tex. Fam. Code Ann.
' 54.05(f) (Vernon
Supp. 2007).  Appellant admitted that his mom transported him to a public
swimming pool and dropped him off.  That left him around young children without
any adult supervision B
contrary to the conditions of his probation.  He also admitted to taking a
pocket knife with him to the pool B
another probation violation.  Appellant, therefore, admitted to two
violations.  His testimony on the third was equivocal.  He told the trial court
that he recalled the pool manager accusing him of touching a little girl.  He
acknowledged that he bumped into people while swimming, but he told the trial
court that he would have denied touching the seven-year-old girl.  However, he
also acknowledged giving a statement where he admitted to touching her.  He
attempted to clarify that statement by saying that he accidentally touched her.

The
trial court specifically found that, if appellant had testified at trial, his
testimony would not have changed the outcome.  The record clearly supports this
conclusion.  Appellant could be confined upon proof of one violation of the
conditions of his probation.  If he had testified at trial, he would have
admitted to two violations.  Furthermore, his testimony about touching the
seven-year-old girl is so equivocal that it falls far short of establishing any
error by the trial court.  Issue one is overruled.

Appellant
next contends that the trial court denied his due process right to testify on
his own behalf.  Appellant argues that he had a right to testify and that the
trial court was required to admonish him of this right and then to confirm his
waiver of this right.  Appellant relies upon Tex.
Fam. Code Ann. '
51.09 (Vernon 2002) and Tex. Code Crim.
Proc. Ann. art. 1.05 (Vernon 2005).  Section 51.09 allows a child to
waive any right granted to him by law if (1) the waiver is made by the child
and the child=s
attorney, (2) the child and the child=s
attorney are fully informed, (3) the waiver is voluntary, and (4) the waiver is
expressed in writing or in recorded court proceedings.  Article 1.05 lists
several rights that an accused has in a criminal prosecution, including the
right to be heard.  Appellant acknowledges that the trial court admonished him
that he had the right to remain silent but contends that the trial court was
also required to advise him that he had the right to testify on his own
behalf.  The State responds that, because juvenile proceedings are civil in
nature, Article 1.05  does not apply.  See Robinson v. State, 707 S.W.2d
47, 49 (Tex. Crim. App. 1986) (the Code of Criminal Procedure does not apply to
juvenile proceedings).








Neither
party has cited and we have been unable to locate a case discussing whether the
trial court has a duty to admonish a juvenile of his right to be heard.  Courts
have, however, held that other rights listed in Article 1.05 do not apply to
juvenile proceedings.  For example, Article 1.05 provides that an accused has
the right to a speedy public trial before an impartial jury.  If appellant is
correct, this speedy trial provision would apply to juvenile proceedings.  That
proposition, however, was rejected in Ex parte Brosky, 863 S.W.2d 775,
777 (Tex. App.CFort
Worth 1993, no pet.).  The court held that, because the Code of Criminal
Procedure does not apply to juvenile proceedings, the requirement that a
defendant be tried or released on a personal bond or reduced bail within ninety
days from the commencement of his detention did not apply to a juvenile. 
Consequently, we cannot agree with appellant that Article 1.05 applied to this
proceeding.

We
also note that the legislature has specifically provided a list of
admonishments that must be given to juveniles and that this list does not
include the right to testify.  Tex. Fam.
Code Ann. '
54.03(b) (Vernon Supp. 2007) requires trial courts to admonish a juvenile
defendant at the beginning of the adjudication hearing of his privilege against
self-incrimination, his right to trial and to confrontation of witnesses, and
his right to an attorney.[1]  The trial
court gave appellant each of these admonishments and confirmed his
understanding of them on the record.  We cannot conclude that it was required
to do more.

Even
if we are incorrect, appellant has not shown any harm.  Appellant provided the
trial court with the testimony that he would have given at trial.  As we have
previously noted, this testimony supports the trial court=s decision to modify
because he admitted to two probation condition violations.  In the absence of
any harm, we cannot say that the trial court erred.  Tex. R. App. P. 44.2.  Appellant=s second issue is overruled.

                                                                        Holding

The
judgment of the trial court is affirmed.

 

RICK STRANGE

December 20, 2007                                                                 JUSTICE

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]The statute also requires the trial court to advise a
juvenile of his right to a jury trial.  Because this was a motion to modify
proceeding, that provision was inapplicable.  See Tex. Fam. Code Ann. ' 54.05(c) (Vernon Supp. 2007).