

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00030-CR

## EX PARTE EUGENE LAMAR JENKINS

_____

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 12-01244-CRF-272**

## MEMORANDUM OPINION

Eugene Jenkins was indicted for the offense of capital murder, and he was held on a $500,000 bond. Jenkins filed a motion for bail reduction seeking to reduce his bail to personal recognizance bond. The trial court held a hearing on the motion, and reduced the bail to $100,000. Jenkins appeals from the trial court's order. We affirm.

Jenkins argues in his sole issue on appeal that the trial court erred in failing to grant him a personal recognizance bond because the State was not ready for trial within ninety days from the commencement of his detention. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the

criminal action for which he is being detained within 90 days from the commencement of his detention if he is accused of a felony. TEX. CODE CRIM. PRO ANN. art. 17.151 (West Supp. 2012).

We review a trial court's decision to deny relief on a claim that the trial court violated article 17.151 for an abuse of discretion. *Ex parte Craft*, 301 S.W.3d 447, 448 (Tex.App.--Fort Worth 2009, no pet.); *Ex parte Karlson*, 282 S.W.3d 118, 127-28 (Tex.App.--Fort Worth 2009, pet. ref'd). In reviewing the trial court's ruling, we view the evidence in the light most favorable to the ruling. *Ex parte Craft*, 301 S.W.3d at 449; *Ex parte Karlson*, 282 S.W.3d at 127-28.

When a defendant complains the State was not ready within the statutory time period, the State had the burden to make a prima facie showing that it was. *Ex parte Brosky*, 863 S.W.2d 775, 778 (Tex.App.-Fort Worth 1993, no pet.). Once the State makes its prima facie showing, the burden shifts to the defendant to rebut it. *Id*. In the absence of a sufficient rebuttal, the trial court has the discretion to find the State was timely ready for trial. *Id*. The question of the State's "readiness" within the statutory limits refers to the preparedness of the prosecution for trial. *Behrend v. State*, 729 S.W.2d 717, 720 (Tex. Crim. App. 1987); *Ex parte Brosky*, 863 S.W.2d at 778. No bright line rule has emerged concerning just how much or what type of evidence the State must have available for trial in order to be prepared for trial. *Behrend v. State*, 729 S.W.2d at 720.

Jenkins argues that the State was not ready for trial because a key witness, co-defendant Clifton Montgomery, was not available. Jenkins contends that Montgomery was unavailable because there was no agreement for Montgomery to waive his right

against self-incrimination and testify against Jenkins. At the hearing, the attorney for the State informed the trial court:

> It is absolutely my belief that Clifton Montgomery is absolutely going to testify in this case …
>
> Clifton Montgomery has already confessed and Clifton Montgomery has already implicated [Jenkins].
>
> And if I need to, I will put Clifton Montgomery on the witness stand and I will offer Clifton Montgomery immunity to anything he testifies to in this court … So, one way or another, Clifton Montgomery is going to testify in this case, and he has already implicated [Jenkins].

So long as the State was ready or prepared to go to trial and in good faith was ready to attempt with witnesses or evidence to persuade a jury of the offense within the time limitations, the readiness requirements of article 17.151 are satisfied. *See Behrend v. State*, 729 S.W.2d at 721. The State satisfied its burden to show that it was "ready" for trial, and Jenkins did not rebut this presumption. The trial court did not abuse its discretion in denying Jenkins's release on a personal recognizance bond. We overrule the sole issue on appeal.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed May 16, 2013
Do not publish
[CR25]