

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00120-CR

## EX PARTE SANDRA LOUISE GARNER

### From the 443rd District Court
### Ellis County, Texas
### Trial Court No. 43,468CR

## MEMORANDUM OPINION

Sandra Louise Garner appeals from the trial court's denial of her motion for writ of habeas corpus or bond reduction. We affirm.

### BACKGROUND

Sandra Garner was arrested on January 10, 2018 for the murder of her husband, and her bond was initially set at $2,000,000.00. A hearing on her writ of habeas corpus was held on January 19, 2018, and her bond was reduced to $1,000,000.00. Garner was indicted on March 21, 2018, and the bond was continued at $1,000,000.00. This Court upheld the $1,000,000.00 bond on appeal. *Ex parte Garner*, No. 10-18-00129-CR, 2018 Tex.

App. LEXIS 5499 (Tex. App. —Waco July 18, 2018, no pet.) (mem. op., not designated for publication).

The trial was set for February 4, 2019. On January 29, 2019, the State filed a motion for continuance because of the need for additional DNA testing on evidence and because three material witnesses were unavailable for the February 4 trial setting. On February 14, 2019 Garner filed a motion for writ of habeas corpus or bond reduction pursuant to Article 17.151 of the Texas Code of Criminal Procedure. The trial court denied the request for a personal bond, but the trial court reduced the bond to $500,000.00. Garner appeals.

## ARTICLE 17.151

In her sole issue on appeal, Garner complains that the trial court abused its discretion in refusing to apply Article 17.151 of the Texas Code of Criminal Procedure by not granting a personal recognizance bond or a bond of $5,000.00 or less. Article 17.151 provides that a defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within 90 days from the commencement of his detention if he is accused of a felony. TEX. CODE CRIM. PROC. ANN. art. 17.151 § 1 (a) (West 2015). Garner argues that the State was not ready for trial within the statutory time frame because the State filed a motion for continuance.

We review a trial court's decision to deny relief on a claim that the trial court violated Article 17.151 for an abuse of discretion. *See Ex parte Craft*, 301 S.W.3d 447, 448 (Tex. App. — Fort Worth 2009, no pet.). When a defendant complains the State was not ready within the statutory time period, the State has the burden to make a prima facie showing that it was. *Ex parte Brosky*, 863 S.W.2d 775, 778 (Tex. App. — Fort Worth 1993, no pet.). Once the State makes its prima facie showing, the burden shifts to the defendant to rebut it. *Id*. In the absence of a sufficient rebuttal, the trial court has the discretion to find the State was timely ready for trial. *Id*. The question of the State's "readiness" within the statutory limits refers to the preparedness of the prosecution for trial. *Behrend v. State*, 729 S.W.2d 717, 720 (Tex. Crim. App. 1987); *Ex parte Brosky*, 863 S.W.2d at 778. No bright line rule has emerged concerning just how much or what type of evidence the State must have available for trial in order to be prepared for trial. *Behrend v. State*, 729 S.W.2d at 720.

The State may meet its burden to make a prima facie showing that it was ready within the statutory time period either by announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time. *See Jones v. State*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991). At the hearing on Garner's February 14, 2019 motion, the State announced that it was ready to go to trial within the 90 days as required by Article 17.151. The State informed the trial court that:

…the State was ready and prepared for trial within the 90 days of the arrest of [Garner]. We had the facts and circumstances at that time to establish [Garner's] guilt beyond a reasonable doubt in the State's mind.

In addition, the State offered evidence showing that the gun that fired the projectile recovered from Garner's husband was found inside Garner's vehicle. The State also offered evidence that Garner's electronic devices included searches on "how to kill someone in their sleep."

Garner contends that the State was not ready for trial because the State requested a continuance because of the untested DNA evidence and because three material witnesses were not available for trial on February 4, 2019. The State informed the trial court that while the case was pending, the State received further evidence that strengthened the State's case, but that it was ready within 90 days on the evidence it had.

So long as the State was ready or prepared to go to trial and in good faith was ready to attempt with witnesses or evidence to persuade a jury of the offense within the time limitations, the readiness requirements of Article 17.151 are satisfied. *See Behrend v. State*, 729 S.W.2d at 721; *Ex parte Jenkins*, No. 10-13-00030-CR, 2013 Tex. App. LEXIS 6129 * 3 (Tex. App.—Waco May 16, 2013, pet. ref'd) (mem. op., not designated for publication). The State satisfied its burden to show that it was "ready" for trial, and Garner did not rebut this presumption. The trial court did not abuse its discretion in denying Garner's release on a personal recognizance bond. We overrule the sole issue on appeal.

## CONCLUSION

We affirm the trial court's order setting bond at $500,000.


                                        JOHN E. NEILL
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed August 28, 2019
Do not publish
[CR25]

