

# IN THE
# TENTH COURT OF APPEALS

## No. 10-20-00244-CR

## EX PARTE JUAN DIAZ, JR.

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. DC-F201900437-1

## MEMORANDUM  OPINION

Juan Diaz, Jr. appeals from the trial court's order denying his application for writ of habeas corpus.  We reverse and remand.

### BACKGROUND FACTS

Diaz was arrested on April 1, 2019, after his biological daughter made allegations of sexual abuse.  On June 9, 2019, Diaz was indicted on one count of aggravated sexual assault of a child, three counts of sexual assault of a child, and one count of indecency with a child by contact.  Diaz was incarcerated and held on $300,000 bail.

On November 18, 2019, the cause was set for trial to begin on April 20, 2020.  On March 2, 2020, it was reset for June 1, 2020.  On April 30, 2020, Diaz filed a motion for

speedy trial and, in the alternative, a bail reduction. The trial court held a hearing on May 18, 2020 and denied both the motion for speedy trial and the motion to reduce the bail.

Diaz then filed a pretrial application for writ of habeas corpus on August 24, 2020, pursuant to Article 17.151 of the Code of Criminal procedure seeking to be released on a personal bond or a bail reduction to the amount of $75,000. Diaz stated that if such request is denied, he again requests a speedy trial. After a hearing, the trial court denied that application.

## ARTICLE 17.151

In the sole issue on appeal, Diaz argues that the trial court abused its discretion in denying his application for writ of habeas corpus under Article 17.151 of the Texas Code of Criminal Procedure.[1] We review a trial court's pretrial bail determination under an abuse

---

[1] The Court received Amicus briefs from several entities. The Amicus brief filed on November 10, 2020 by the McLennan County Criminal Defense Lawyers' Association makes three interesting arguments that in an appropriate case would merit further discussion and analysis. The Amicus argues (1) that the statute at issue, Article 17.151 of the Texas Code of Criminal Procedure, is not the type of statute that the governor may suspend by an emergency declaration, and thus GA-13 is an unconstitutional violation of the separation of powers because it purports to interfere with the authority of the courts to set reasonable bail, (2) that pursuant to Article 17.151, not only must the State be ready to try the case within the 90 days after incarceration, but the State must also remain ready thereafter, and (3) in reliance on *Arroyo v. State*, 117 S.W.3d 795 (Tex. Crim. App. 2003), that the State is estopped from asserting it was or is now ready to try the case because that claim is inconsistent with the State's prior evidence and argument in response to a motion for speedy trial that due to circumstances beyond its control it is not ready to try the case. Because we have decided the issue solely on the basis of the proof required to show a prima facie case of being ready pursuant to Article 17.151, we need not reach any of these well briefed issues.

of discretion standard. *Ex parte Brossett*, 524 S.W.3d 273, 276 (Tex. App.—Waco 2016, pet. ref'd).

Article 17.151 provides that a "defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within … 90 days from the commencement of his detention if he is accused of a felony." TEX. CODE CRIM. PROC. ANN. art. 17.151 § 1 (1) (West 2015).

When a defendant complains the State was not ready within the statutory time period, the State has the burden to make a prima facie showing that it was. *Ex parte Brosky*, 863 S.W.2d 775, 778 (Tex. App. — Fort Worth 1993, no pet.). The State may meet its burden to make a prima facie showing that it was ready within the statutory time period either by announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time. *See Jones v. State*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991). The question of the State's "readiness" within the statutory limits refers to the preparedness of the prosecution for trial. *Behrend v. State*, 729 S.W.2d 717, 720 (Tex. Crim. App. 1987); *Ex parte Brosky*, 863 S.W.2d at 778. No bright line rule has emerged concerning just how much or what type of evidence the State must have available for trial in order to be prepared for trial. *Behrend v. State*, 729 S.W.2d at 720.

Diaz was arrested on April 1, 2019; therefore, the State must make a prima facie showing that it was ready for trial 90 days from that date. Diaz was indicted within 90 days from the commencement of his detention. The existence of a charging instrument is an indication of preparedness. *Ex parte McNeil*, 772 S.W.2d 488, 489 (Tex. App. — Houston [1ˢᵗ Dist.] 1989, no pet.). On January 31, 2020, the State provided a witness list to Diaz, a notice of intent to introduce the hearsay statement of a child abuse victim, and notice of intent to offer evidence of extraneous crimes, acts, and wrong doings committed by Diaz. However, that was not provided within 90 days from the date of Diaz's detention.

In the response to Diaz's motion for speedy trial, the State indicated that to prepare for trial the State would need to have in person meetings with the victim and other witnesses. The State noted that such meetings were not permissible because of current social distancing guidelines in accordance with Covid-19 protocols. The State requested that the trial be rescheduled for 30 days after jury trials resume in Texas. At the May 18, 2020 hearing on Diaz's motion for speedy trial, the State again requested a trial date within 30 days from the date jury trials resume in Texas.

At the hearing on Diaz's application for writ of habeas corpus, the State indicated it "could be ready for trial as soon as the Court announces a setting that he actually has." There is nothing in the record before us to show that the State announced that it was ready for trial within 90 days from Diaz's detention or that it announced retrospectively

that it had been ready during the allotted time. The trial court did not find that the State was ready within the time allotted by Article 17.151. The trial court noted that jury trials were prohibited by the current emergency orders from the Governor. While we are aware of the restraints on trial courts by the restrictions related to Covid-19, the impediments facing the trial court are immaterial to Article 17.151. *See Ex parte Sheffield*, No. 07-20-00216-CR, 2020 Tex. App. LEXIS 7598, *3 (Tex. App. —Amarillo, September 17, 2020, no pet.). Because the State did not make a prima facie showing that it was ready for trial within 90 days from the date of Diaz's incarceration, we sustain the sole issue on appeal.[2]

### CONCLUSION

We reverse the trial court's order denying Diaz's application for writ of habeas corpus and remand the cause to the trial court to set a bond in the amount of $75,000, which is the amount Diaz asserted he could make, and to set the terms and conditions of his release.

PER CURIAM

Before Chief Justice Gray,
 Justice Davis, and
 Justice Neill
Reverse and remand
Opinion delivered and filed November 18, 2020
Do not publish
[CR25]



---

[2] Given our disposition of this issue, we need not address the alternative regarding the right to a speedy trial. *See* TEX. R. APP. P. 47.1.