**Opinion filed March 20, 2025**



In The

# Elebenth Court of Appeals

_____

## No. 11-24-00270-CR

_____

## EX PARTE FREDERICK LAMONN HUNTER

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 52012-A**

### M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from the trial court's denial of Appellant's pretrial writ of habeas corpus.  *See* TEX. R. APP. P. 31.  In his writ application, Appellant, Frederick Lamonn Hunter, sought (1) a bail reduction for his charged offenses claiming that the amount set was excessive, or, alternatively, (2) to be released on his own recognizance.  We affirm.

I.  *Factual and Procedural Background*

On May 7, 2024, Appellant was arrested for the offense of murder; bail for this offense was set at $200,000.  Appellant was subsequently indicted on August 1, 2024, for the offenses of felony murder by the delivery of a controlled substance that caused the death of Joanna Nicole Bryant (Count One) and the delivery of fentanyl that caused Bryant's death (Count Two).  *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (West Supp. 2024); TEX. HEALTH & SAFETY CODE ANN. §§ 481.1022, 481.1123, 481.141 (West Supp. 2024).

Appellant filed his writ application on September 3, 2024.  In addition to challenging the bail set by the magistrate, Appellant contended that he was entitled to a bond that he could afford to make, or, alternatively, to be released from pretrial confinement on his own recognizance, because the State was not ready for trial within ninety days of his arrest or detention.  *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West 2022).  The trial court held a hearing on Appellant's writ application on October 4, 2024.  After considering the evidence presented, the trial court denied Appellant's application.  This appeal followed.

II.  *Analysis*

A.  *The Factors for Setting Bail*

We review the trial court's ruling on a request to reduce bail under an abuse of discretion standard.  *See Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *see also* CRIM. PROC. art. 17.15 (giving trial courts the discretion to set the amount of bail).  An abuse of discretion occurs when the trial court "acts 'arbitrarily or unreasonably' or 'without reference to any guiding rules and principles.'"  *State v.*

*Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)).

Article 17.15(a) provides that the amount of bail, and any conditions of bail, shall be regulated by the judicial officer who sets the bail and be governed by the Constitution and, in part, the following considerations:

> 1. The bail, and any conditions of bail, shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed.
>
> 4. The ability to make bail, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community.
>
> 6. The defendant's criminal history, including acts of family violence and other pending criminal charges.

CRIM. PROC. art. 17.15(a). While a defendant's ability to make bail is only one of several factors to be considered by the judicial officer in its bail determination, this factor alone does not dictate the bail that is appropriate and will not automatically render the amount that is set as excessive. *Rubac*, 611 S.W.2d at 849–50; *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Branch*, 553 S.W.2d 380, 382 (Tex. Crim. App. 1977).

In addition to the guidelines listed in Article 17.15(a) above, other factors may also be considered in setting the amount of bail: (1) the possible punishment to be imposed and any aggravating factors associated with the charged offense(s); (2) the accused's work record; (3) his family and community ties; (4) the length of his residency in the community; (5) his citizenship; (6) his prior criminal record; (7) his compliance with prior bond conditions; and (8) the existence of any outstanding

bonds. *Ex parte Melartin*, 464 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.); *see also Rubac*, 611 S.W.2d at 849; *Charlesworth*, 600 S.W.2d at 317; *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). The accused has the burden to prove that the bail amount is excessive. *Vasquez*, 558 S.W.2d at 479.

In his writ application, Appellant requested relief on two grounds: (1) a reduction of the "excessive" bail that was set upon his arrest, or (2) his immediate release from pretrial detention because the State, he contends, was not ready for trial within the ninety-day deadline prescribed by Article 17.151, Section 1(1). As to Appellant's first point, we recognize that the "complete record" must show that the trial court considered the required "public safety report" before it ruled on Appellant's bail reduction request. *See* CRIM. PROC. arts. 17.15(a)(6), 17.022(a), (d)(1) (the magistrate must consider the "public safety report" before setting bail); *see also Ex parte Gayosso*, 685 S.W.3d 100, 101 (Tex. Crim. App. 2023). In this case, Appellant did not assert in his writ application that the trial court failed to do so, nor did he present this argument to the trial court for a determination either during his writ application hearing or in a post-hearing filing. Moreover, Appellant has not raised a complaint on appeal that the trial court erred in this regard or that he was harmed by the trial court's inaction. As such, because Appellant has never complained—in the trial court or on appeal—that the trial court failed to consider the "public safety report" in its bail determination, we conclude that Appellant has waived this issue, and we need not address it. *See Ex parte Segovia*, 690 S.W.3d 771, 776 (Tex. App.—Amarillo 2024, no pet.) (the issue of the trial court's failure to consider the "public safety report" was not preserved for appellate review because the appellant failed to raise it before the trial court); *Ex parte Chavez*, No. 02-24-

00025-CR, 2024 WL 1207302, at *6–7 (Tex. App.—Fort Worth Mar. 21, 2024, no pet.) (same).

Here, Appellant only complains on appeal that the trial court abused its discretion when it denied his request for an Article 17.151, Section 1(1) release. Therefore, we will limit our review to this complaint.[1]

B. *Article 17.151*

As with the trial court's bail determination, we review the trial court's decision to deny a habeas applicant's complaint that the State violated the Article 17.151 readiness requirement for an abuse of discretion. *Gill*, 413 S.W.3d at 431; *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). We view the evidence in the light most favorable to the trial court's decision and we will not disturb its decision if it is within the zone of reasonable disagreement. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016); *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Clemons*, 220 S.W.3d at 178. The trial court does not abuse its discretion if it decides a matter within its discretion differently than the appellate court would under similar circumstances. *Montgomery*, 810 S.W.2d at 380.

---

[1]Nevertheless, we note that in situations such as this, reviewing courts have compared bail amounts set in cases that involved offenses within the same range of punishment. For instance, in cases where the accused was charged with the offense of murder, we and several of our sister courts have upheld bail amounts that were substantially higher than the bail set in the case before us. *See, e.g.*, *Ex parte Barrera*, No. 11-21-00131-CR, 2021 WL 5934626, at *1, *3 (Tex. App.—Eastland Dec. 16, 2021, pet. ref'd) (mem. op., not designated for publication) ($1,000,000); *Ex parte Garner*, No. 10-18-00129-CR, 2018 WL 3469834, at *1 (Tex. App.—Waco July 18, 2018, no pet.) (mem. op., not designated for publication) ($1,000,000); *Ex parte Green*, No. 02-13-00474-CR, 2014 WL 584960, at *1 (Tex. App.—Fort Worth Feb. 13, 2014, no pet.) (mem. op., not designated for publication) ($1,000,000); *Ex parte Garcia*, No. 09-06-00543-CR, 2007 WL 846571, at *1 (Tex. App.—Beaumont Mar. 21, 2007, no pet.) (mem. op., not designated for publication) ($950,000).

When a defendant accused of a felony offense is detained pending trial for such accusation, and the State is not ready for trial within ninety days from the date the defendant's detention commenced, the trial court must release the defendant on a personal recognizance bond or reduce the defendant's bail to an amount that he can afford to make. CRIM. PROC. art. 17.151, § 1(1); *Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021); *Gill*, 413 S.W.3d at 430. If a defendant raises an Article 17.151 complaint that the State was not ready for trial within the requisite statutory time period, as Appellant has here, the State must then make a prima facie showing that it was ready for trial within the time prescribed by Article 17.151. *Jones v. State*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991). In a felony context, the State may do so by either announcing that it is ready for trial within the ninety-day window, or retrospectively announcing that it was ready for trial within the same timeframe. *Id.*; *Ex parte Ragston*, 422 S.W.3d 904, 907 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Ex parte Brosky*, 863 S.W.2d 775, 778 (Tex. App.—Fort Worth 1993, no pet.). The State may satisfy its initial burden if it "in good faith" announces, as it did in this case, that it is or was ready for trial in compliance with Article 17.151. *See Behrend v. State*, 729 S.W.2d 717, 721 (Tex. Crim. App. 1987).

If the State makes a prima facie showing of readiness for trial, the defendant must rebut it. *Barfield v. State*, 586 S.W.2d 538, 542 (Tex. Crim. App. [Panel Op.] 1979); *Brosky*, 863 S.W.2d at 778; *Carter v. State*, 664 S.W.2d 739, 740 (Tex. App.—Waco 1983, no pet.). Evidence with which to rebut the State's prima facie showing of readiness may be derived from any source. *Jones*, 803 S.W.2d at 718; *Barfield*, 586 S.W.2d at 542. In this regard, there is no definitive rule as to the amount or type of evidence that the State must have available to it to be considered "ready for trial." *Behrend*, 729 S.W.2d at 719; *Brosky*, 863 S.W.2d at 779.

Agent Jerimiah Torrez of the Abilene Police Department testified at the writ hearing that the evidence his department accumulated during their investigation of

6

the charged offenses was forwarded to the Taylor County District Attorney's office in early May 2024; however, the autopsy report prepared and signed by Dr. Luisa Flores on February 3, 2023 (which also contained Bryant's blood toxicology results) and referenced in the police report, was not included in those materials. The medical certification of cause of death signed by the medical examiner stated that Bryant's cause of death was a fentanyl overdose; Dr. Flores's autopsy report stated the same finding and that two containers of Bryant's blood were submitted for toxicology analysis. According to Agent Torrez, his department subsequently sent the autopsy report to the district attorney's office after it was determined that the report had not yet been disclosed to Appellant's trial counsel.

Appellant complains that the State was not ready for trial within the ninety-day period mandated by Article 17.151, Section 1(1) because the "evidence" that was necessary and vital to the State's ability to establish his guilt of the charged offenses and Bryant's cause of death—namely, Dr. Flores's autopsy report and accompanying blood toxicology results—was not in the State's possession within the statutory ninety-day window. We disagree. It is undisputed that the Abilene Police Department *possessed* this "evidence" within the applicable statutory timeframe. Because evidence in the possession of the State also includes evidence that is in the possession of a law enforcement agency that is involved in the investigation of the charged offense(s), *see State v. Heath*, 696 S.W.3d 677, 693 (Tex. Crim. App. 2024), the State in this case *possessed* the "evidence" of which Appellant complains within the deadline set forth by Article 17.151, Section 1(1).

Agent Torrez and the prosecutor prepared the probable cause statement and warrant on May 1, 2024. In doing so, they reviewed and relied on the findings in the medical examiner's certification and Dr. Flores's autopsy report. Indeed, the probable cause statement, which could not have been sufficiently drafted without the benefit of the autopsy report and the blood toxicology results, detailed Dr. Flores's

autopsy findings that Bryant's death was caused by a fentanyl overdose. Further, the medical examiner's certification of cause of death (which recites the autopsy results as found by the medical examiner), the death certificate, and the autopsy report were filed with the Taylor County justice court on February 8, 2023, and became public records upon their filing. In this instance, there was an inadvertent oversight by the State, and nothing more, when it initially failed to disclose the autopsy report to Appellant's trial counsel, an oversight that was subsequently cured. Despite this, we note that the State's disclosure obligations under Article 39.14 do not affect its readiness-for-trial requirement under Article 17.151. *See* CRIM. PROC. arts. 17.151, 39.14 (West Supp. 2024); *Ex parte Highsmith*, 652 S.W.3d 850, 857 (Tex. App.—Austin 2022, pet. ref'd).

Moreover, even if we assume that the State did not have a copy of the autopsy *report* in its possession before the ninety-day window expired, as Appellant contends, the absence of this report would not prevent the State from being "ready for trial." "It is not unusual for litigants to have to go to trial without every witness or every piece of evidence that they would like to present." *Ex parte Anderson*, No. 01-20-00572-CR, 2021 WL 499080, at *21 (Tex. App.—Houston [1st Dist.] Feb. 11, 2021, no pet.) (mem. op., not designated for publication) (quoting *Ex parte Jackson*, No. 03-17-00301-CR, 2018 WL 1598919, at *2–5 (Tex. App.—Austin Apr. 3, 2018, no pet.) (mem. op., not designated for publication)). Here, as in all cases, the State could simply present the testimony of Dr. Flores and the medical examiner to establish a causal link between Appellant's conduct and Bryant's death. The availability of their reports would not be required to clear this threshold, and the State's failure to physically possess these reports would not negate the State's readiness-for-trial obligation under Article 17.151.

Giving appropriate deference, as we must, to the trial court's decision that the State complied with its readiness-for-trial obligation, and viewing the facts in the

light most favorable to its ruling, we conclude that the trial court did not abuse its discretion when it denied Appellant's pretrial writ of habeas corpus. Accordingly, we overrule Appellant's sole issue on appeal.

## III. *This Court's Ruling*

We affirm the order of the trial court.


W. STACY TROTTER
JUSTICE


March 20, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.